## MYERS v. VELASQUEZ et al.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1926.)

No. 4802.

1. Automobiles ⬳214—Driving team on main highway, rather than on parallel road less used by automobiles, is not contributory negligence.

One whose team was struck by automobile on main highway had a right to drive there, rather than on a parallel road less used by automobiles, as affecting question of contributory negligence.

2. Costs ⬳260(4)—There being no merit in assignments, and no personal appearance on hearing, writ will be treated for delay, and damages awarded (Circuit Court of Appeals rule 30; Comp. St. § 1671).

Assignments of error being wholly frivolous and without merit, and there being no personal appearance for plaintiff in error at the hearing, writ of error will be considered as sued out purely for delay, and 10 per cent. damages will be awarded under Circuit Court of Appeals rule 30 and Rev. St. § 1010 (Comp. St. § 1671).

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action by Juana R. de Velasquez and another against W. B. Myers. Judgment for plaintiffs, and defendant brings error. Affirmed.

Edward B. Ward, of Corpus Christi, Tex., for plaintiff in error.

E. P. Scott, of Corpus Christi, Tex., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit to recover damages for personal injuries and also for damages to a wagon and harness, brought by defendants in error against plaintiff in error. The parties will hereafter be referred to as they appeared in the District Court.

The petition alleges in substance that plaintiffs were riding in a one horse wagon on a public highway; that defendant was driving an automobile along the same road, and recklessly and carelessly drove his car up from the rear and against the wagon, and threw plaintiffs with great violence out of said wagon and onto the ground, and broke up and demolished the said wagon and the harness; that the fall injured the left eye of plaintiff Juana R. de Velasquez, causing her to permanently lose the sight of her left eye. Damages in the sum of $15,000 were claimed for personal injuries, $250 for doctor's bills, $50 for damages to the wagon, and $25 damages to the harness.

Defendant denied the allegations of negligence, and set up, among other grounds of contributory negligence, that at the time of the accident there was a good road running parallel and near to the road on which the accident occurred, and on which horse-drawn vehicles usually traveled, and which few automobiles used, while the road on which the accident was alleged to have happened was much traveled by automobiles;

that, knowing these facts, plaintiffs selected the more dangerous road.

The case went to the jury, which returned a verdict for $858, divided as follows: Express wagon, $43; harness, $15; doctor's bill, $50; physical damages, $750. It is difficult to understand why the verdict for damages for the physical injuries was so small, in view of the allegations of the petition; but, as the evidence is not in the record, we are unable to say whether the injury was as extensive and severe as alleged. However, we are not now concerned with that view of the case.

[1] The principal error assigned is to the action of the court in excluding evidence tendered by defendant to show that there was a parallel road that could have been used by plaintiffs and to the remarks of the court in excluding such testimony. The remarks of the court objected to are not set out in the assignment, but from what little there is of the bill of exceptions it would appear that the court did no more than to say in the presence of the jury that the plaintiffs had the right to travel the main highway and were not required to seek another road. It is apparent that this assignment is wholly frivolous.

Without attempting to set them out in full, it is sufficient to say that the other assignments are equally without merit.

[2] No error appears in the record. In affirming the judgment, we note that it was rendered on January 6, 1926. By suing out his writ of error, defendant secured a delay in the execution of the judgment of approximately a year, as in the usual course, the writ being returnable at Fort Worth in November, the case could not be heard and finally decided much sooner. At the hearing the case was submitted on brief, without any personal appearance for plaintiff in error. We conclude that the writ was sued out purely for delay, and will award damages of 10 per cent., conformable to our rule 30 and the provisions of R. S. § 1010 (Comp. St. § 1671), in addition to costs and interest allowed by the judgment.

Affirmed.