**LEWIS et al. v. UNITED GAS PIPE LINE CO.**

No. 13696.

United States Court of Appeals
Fifth Circuit.

March 13, 1952.

Rehearing Denied April 7, 1952.

Agnes E. Lewis, Annie C. Lewis, in pro. per.

Jacob S. Landry, Jack J. Cousin, New Iberia, La., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is taken "from the impeached and challenged order dated June 14, 1951, rescinding previous order". The previous order is one filed June 12, 1951, removing to the district court a proceeding instituted in a court of Louisiana by United Gas Pipe Line Co., to condemn a right of way across certain lands in Louisiana, against the appellants, who are alleged to own a fractional interest in the land, the other owners having as to their interests deeded the right of way. The body of the order of June 12 reads: "The defendants having within the time allowed by law filed their petition praying for the removal of this cause to the United States District Court for the Eastern District of Louisiana, and this court having signed an order permitting defendants to proceed *in forma pauperis* thereby relieving them of the necessity of furnishing surety, it is on motion of defendants ordered that the above entitled cause be removed to this court. Herbert W. Christenberry, Judge United States District Court". The order which is appealed from reads thus: "This court having on the 12th day of June, 1951, issued an order removing this matter from the Sixteenth Judicial District Court to this court, and it now appearing to this court that the said order of removal was improperly issued and should be revoked, rescinded, and set aside; It is ordered that said order of removal be, and it is hereby revoked, rescinded, and set aside. New Orleans, Louisiana, June 14, 1951. Herbert W. Christenberry, United States District Judge."

 We are of opinion that the purpose and effect of revoking the order of removal was to remand the cause to the State court, though the word "remand" is not used. An order of remand is by express statute not reviewable by this Court of Appeals. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C.A. § 1447(d). The case must be fought out in the State court.

If the order appealed from is not an order of remand, then the case is still pending in the district court for disposition, and the order is not a final one which might be appealed from under 28 U.S.C.A. § 1291. Under neither view have we jurisdiction of this appeal.

We do not overlook the unusual allegations in the petition for removal and elsewhere, and the prayers accompanying them. We have no general superintendence over district courts and cases in them, but may interfere only when and to the extent that the laws provide. This appeal must be dismissed for want of jurisdiction over it, and we make no further comment.

Appeal dismissed.