**ALCOA STEAMSHIP COMPANY, Inc., Defendant-Appellee.**

No. 237, Docket 25467.

United States Court of Appeals Second Circuit.

Argued April 6, 1959.

Decided April 28, 1959.

**Wilson WOOTEN, Appellant,**

v.

**Lynn BOMAR, Warden, State Penitentiary, Nashville, Tennessee and Keith Hampton, Commissioner of Institutions, State Office Bldg., Nashville, Tennessee, Appellees.**

No. 13808.

United States Court of Appeals, Sixth Circuit.

April 10, 1959.

28

George F. McCanless, Atty. Gen. of Tennessee, for appellee.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant, who is a prisoner in the State Penitentiary at Nashville, Tennessee, has tendered to an individual member of this Court his motion for a restraining order directing the Commissioner of Institutions of the State of Tennessee and the Warden of the Tennessee State Penitentiary to cease interfering with the exercise by the appellant of his "civil and legal rights guaranteed him under the provisions of the 14th Amendment of the United States Constitution." Specifically, he complains of their alleged action in confiscating appellant's law books and claims that by reason thereof and by enforcement of invalid regulations they are preventing him from properly prosecuting an appeal which he has taken to this Court from an adverse judgment entered in the United States District Court for the Middle District of Tennessee in a habeas corpus proceeding filed by him in that Court. The motion has been transmitted by the individual member of the Court to whom it was addressed to the Clerk of this Court and will be considered as a motion filed with the Court in the pending appeal.

This Court is given jurisdiction by statute to review final decisions and certain interlocutory orders of the District Court. Sections 1291, 1292, Title 28 U.S.Code. The present motion does not seek a review of any order of the District Court. We do not have original jurisdiction to issue an injunction or restraining order against a state official even though he may be exceeding his statutory authority. Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275, 276; United States v. Otley, 9 Cir., 116 F.2d 958. As stated in Lewis v. United Gas Pipe Line Co., 5 Cir., 194 F. 2d 1005, 1006, "We have no general superintendence over district courts and cases in them, but may interfere only when and to the extent that the laws provide."

The motion is denied.