## MONROE AUTO EQUIPMENT CO., HARTWELL DIVISION, Plaintiff-Appellant,

v.

## NATIONAL LABOR RELATIONS BOARD et al., Defendants-Appellees.

### No. 74–1215.

United States Court of Appeals, Fifth Circuit.

April 18, 1975.

William A. Harding, John E. Tate, Lincoln, Neb., Joseph S. Skelton, Hartwell, Ga., for plaintiff-appellant.

Elliott Moore, Deputy Assoc. Gen. Counsel, Glen M. Bendixsen, Chief of Litigation, Alan D. Cirker, Atty., William L. Corbett, Atty., Abigail Cooley, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., William J. Rains, Reg. Atty., Region 10, N. L. R. B., Walter C. Phillips, Reg. Director, Atlanta, Ga., for N. L. R. B.

Bernard G. Link, Baltimore, Md., for Int'l. Union, and others.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The need for strong principles of *res judicata* is well illustrated by this case, for it shows how easily an important national policy, enacted into law by Congress, could otherwise be avoided. Having fought one round long and, if not successfully, at least hard, the employer seeks to start all over again. The District Court held it was without power to participate in that endeavor, and we agree.

On July 1, 1964 the Union filed a petition with the Board for a representation election by employees of Employer, Monroe Auto Equipment Company. An election was held on July 23–24, 1964. The Union lost the election and filed timely objections. On November 6, 1964 the election results were set aside by the Board and a second election was directed.

On March 3 and 4, 1966, the second election was conducted. Of approximately 647 eligible voters, 342 votes were cast for and 264 against the Union. The Employer filed timely objections.

Following an investigation, the Board's Regional Director overruled these objections without ordering a hearing. On August 16, 1966, the Board adopted the Regional Director's findings and certified the Union as the employees' bargaining representative.

In August and September 1966, the Union requested the Company to begin negotiations. The Company refused on the ground the Union was not legally elected for the reasons urged in its objections to the second election. Unfair labor practice charges were filed and on December 9, 1966, a complaint issued. On March 29, 1967, the Trial Examiner found that the Employer's refusal to bargain violated §§ 8(a)(5) and (1), 29 U.S.C.A. § 151 et seq. On May 5, 1967, the Board affirmed the Trial Examiner's rulings, adopted his findings, and ordered the Employer to bargain with the Union. 167 NLRB 1051.

The Employer continued its refusal to bargain with the Union, and the Board filed an application for enforcement of its Order with this Court. We remanded the case to the Board, directing it to conduct a hearing on certain specified objections of the Employer. N.L.R.B. v. Monroe Auto Equipment Co., 5 Cir., 1969, 406 F.2d 177.

Pursuant to our remand, a hearing was held from June 4 to 7, 1969. The Trial Examiner recommended that several of the Employer's objections to the election be sustained and the election be set aside. The Board reversed the Trial Examiner, overruled the Employer's objections to the election and reaffirmed the Union's certification as the exclusive bargaining representative for the employees. The Board found the Employer's admitted refusal to bargain with the Union violated §§ 8(a)(5) and (1) and ordered the Company to bargain in good faith with the Union. 186 NLRB No. 18. When the Company still refused to bargain, the Board again sought enforcement of its Order here. This Court enforced the Board's Order, N.L.R.B. v. Monroe Auto Equipment Co., 5 Cir., 1972, 470 F.2d 1329, and the Supreme

Court denied the Employer's petition for certiorari, Monroe Auto Equipment Co. v. N.L.R.B., 1973, 412 U.S. 928, 93 S.Ct. 2752, 37 L.Ed.2d 155.

But the Employer paid no heed to the order of the Board or the order of this Court sustaining the Board's order. As though these judicial actions had never taken place, the Employer filed a motion with the Board to "Reopen the Record, Revoke the Certification and Direct an Additional Election". The motion asserted the requested relief was necessary because of significant changes in employee turnover in the Company's plan since the 1966 election. On July 17, 1973, the Board denied the Company's motion "as lacking merit".

Still undeterred and by now with three strikes against it, the Employer on July 26, 1973, filed the instant action in the District Court for the Middle District of Georgia—over a thousand miles away from the seat of the Board. It sought (i) an order compelling the Board to grant the motion to reopen the record, revoke the certification and direct a new election, (ii) a preliminary and final injunction prohibiting the Union from bargaining with Employer, and (iii) costs and reasonable attorneys' fees. The Board moved to dismiss the complaint and that motion was granted, the Court holding it lacked subject matter jurisdiction.

On the merits, we think both the Supreme Court, N.L.R.B. v. Warren Co., 1955, 350 U.S. 107, 76 S.Ct. 185, 100 L.Ed. 96; Brooks v. N.L.R.B., 1954, 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125; and this Court, Bishop v. N.L.R.B., 5 Cir., 1974, 502 F.2d 1024; N.L.R.B. v. Big Three Industries, Inc., 5 Cir., 1974, 497 F.2d 43, have made ourselves clear. The Employer has neither successfully distinguished those cases, nor even cited them in its briefs. Rather, we think the distinction urged at oral argument weakens rather than strengthens the Employer's case.

For the Employer argues the District Court had jurisdiction over its complaint

because of Board action clearly contrary to the statutory mandate in § 9(c)(1) of the Act[1], invoking Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 and that tiny body of case law which opens the door seldom and then only slightly. Substantial employee turnover since the 1966 election, it is argued, in itself raises "a question of representation". Further, it urges that this case is different from *Bishop* and *Big Three*, because here the question of representation arose solely from the employee turnover and from no culpable action on the Employer's part.

■ But if the Employer's hypothesis were correct, an employer's best defense would no longer be to mount a good offense, it would be to do absolutely nothing. An employer would not only be relieved of an obligation to make some showing of an employee change-of-heart, he would incur no risk of violating § 8(a)(1) and precipitating an unfair labor practice complaint. We in no way suggest that the first round was fought in bad faith—the Employer correctly points to the Examiner's sustaining its objections in 1969 to refute any such contention. But having fought through certiorari, the cause was lost—and obedience must follow loss.

The major rationale of the cited cases for the Board's not being required to reconsider representation upon the passing of time, is that the frustrating passage of time without union-gained results might unfairly prejudice employees—at least against the union in question. And frustration may be all the greater when the employer wins simply by litigation delay—without even carrying the battle to the front lines where § 8(a)(1) can be used as a weapon.

■ The only remaining question lies under FRAP 38. Because both Congressional policy against Federal District Court involvement in labor Board controversies and case law to the same effect and in point here are clearly contrary to the Employer's position, we hold relief is appropriate under the Rule and direct the assessment of double costs and an award of reasonable attorneys' fees against the Employer.[2] This is without prejudice to the institution of contempt proceedings for failure of the Employer to obey the order of this Court. The mandate shall issue forthwith and no stay will be granted. If the law is to be fulfilled, it must be obeyed.

Affirmed.

1. (c)(1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in subsection (a) of this section, or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in subsection (a) of this section; or

(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in subsection (a) of this section;

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof.

2. In the event the parties cannot agree on the attorneys' fees and related litigation expenses, this Court will appoint a special master whose compensation will likewise be taxed against the Employer.