Menton T. HARRELL

v.

Donald K. JOFFRION et al.

Civ. A. No. CL–74–1072.

United States District Court,
W. D. Louisiana,
Shreveport Division.

March 26, 1976.

Lloyd P. Champagne, Baton Rouge, La., for plaintiff.

Charles L. Mayer, Mayer, Smith & Roberts, Shreveport, La., for defendants.

## JUDGMENT

DAWKINS, Senior District Judge.

This matter having regularly come on for trial by jury, a motion for a directed verdict having been filed on behalf of the defendants at the conclusion of the presentation of all evidence, and the Court for reasons orally assigned found that such motion should be sustained and a verdict directed in favor of defendants and against the plaintiff, the law and the evidence being in favor thereof:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of the defendants, Donald K. Joffrion and St. Paul Fire & Marine Insurance Company, and against the plaintiff, Menton T. Harrell, rejecting plaintiff's demands and dismissing plaintiff's suit with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all taxable court costs in this action be and are hereby assessed against plaintiff's counsel, Lloyd P. Champagne, and that there be judgment herein in favor of the United States of America and against plaintiff's counsel, Lloyd P. Champagne, for mileage and per diem of all jurors who served in this matter and also for such other jurors who reported for jury duty on March 22, 1976, for having brought a totally frivolous action in this Court.

## APPENDIX

DAWKINS, Senior Judge:

This was an action for damages on account of alleged acts of medical malpractice which complainant contended were committed upon him by Dr. Donald K. Joffrion, an eminent orthopedic specialist who has practiced his specialty in Shreveport, Louisiana, for the past ten years.

At the close of plaintiff's evidence, and again at the close of all the evidence, defendants moved for a directed verdict in their favor, dismissing plaintiff's claims for monetary damages. The latter motion was granted, as shown by the attached copy of the Court Reporter's Transcript * of our ruling.

Because plaintiff's counsel, Lloyd P. Champagne, who also is a medical doctor, deliberately and "vexatiously" had expended the time, attention, and efforts of the Court and jury over a three-day period in presenting a case which Champagne knew —or, as a medical doctor, certainly reasonably should have known—was totally frivolous, in addition to our open-Court reprimand, in our written judgment confirming our action, we assessed against Champagne personally all of the usual Court costs; and, *in addition,* under the authority of 28 U.S.C. § 1927, we also rendered judgment in favor of the United States of America for all jurors' *per diem* and mileage fees, totalling $976.20.

Today, we have received from the Clerk of the United States Court of Appeals for the Fifth Circuit a *per curiam* ruling affirming our action, a copy of that document also being attached.

Consequently, as soon as the mandate of the Court of Appeals is received, the Clerk of this Court shall request the office of the United States Attorney for this District immediately to take all necessary action to collect in full from Champagne the amount of the judgment rendered by us in favor of the Government.

THUS DONE AND SIGNED, in Chambers, at Shreveport, Louisiana, this 3rd day of January, 1977.

* Omitted from published opinion.