The POSTER EXCHANGE, INC., Plaintiff-Appellant,

v.

NATIONAL SCREEN SERVICE CORPORATION et al., Defendants-Appellees.

No. 76–1870
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1976.
Rehearing Denied Dec. 13, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Francis T. Anderson, Yeadon, Pa., C. Ellis Henican, Jr., New Orleans, La., Glenn B.

Hester, Augusta, Ga., for plaintiff-appellant.

B. Haynes, Charles H. Kirbo, John Izard, Atlanta, Ga., Walter Beck, New York City, for Natl. Screen Serv.

Tench C. Coxe, J. Dianne Brinson, Atlanta, Ga., for Columbia Pictures Corp.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Having expressed the hope that this seemingly endless litigation would terminate at Poster VII,[1] the litigants have already managed to continue this lawyer-court litany through Poster X.[2] In Poster IX and X, we remanded to the District Court for proceedings directed toward a unitary issue. To avoid summary judgment, Poster was to present legally probative evidence which would demonstrate that a triable issue of fact exists as to the occurrence of any specific act or word denying it access to supplies of motion picture posters and accessories.

1. In *Poster Exchange, Inc. v. National Screen Service Corporation,* 5 Cir., 1972, 456 F.2d 662, the following Poster history was presented.

> Poster I: *National Screen Service Corp. v. Poster Exchange, Inc.,* 5 Cir., 1962, 305 F.2d 647, in which this Court in an opinion written by Judge Gewin affirmed the District Court's denial of National Screen's motion for summary judgment and Poster Exchange's motion for preliminary injunction and said there were issues of fact to be resolved;

> Poster II: *Poster Exchange, Inc. v. Paramount Film Dist. Corp.,* 5 Cir., 1965, 340 F.2d 320, in which this Court affirmed the District Court's summary judgment in favor of the film producing companies;

> Poster III: *Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1966, 362 F.2d 571, in which this Court in an opinion by Judge Tuttle reversed the District Court's summary judgment in favor of National Screen;

> Poster IV: *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1970, 421 F.2d 1313, rehearing denied, 427 F.2d 710, cert. denied, 1971, 400 U.S. 991, 91 S.Ct. 454, 27 L.Ed.2d 439, in which this Court reversed in part summary judgment for Producers and National in the New Orleans litigation; and

> Poster V: *Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1970, 431 F.2d 334, cert. denied, 1971, 401 U.S. 912, 91 S.Ct. 880, 27 L.Ed.2d 811, in which this Court affirmed (save for attorney's fees) the District Court's award of triple damages against National upon trial on the merits of suit No. 7665 after remand of Poster III.

2. Poster VI: *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1971, 441 F.2d 560.

> Poster VII: *Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1972, 456 F.2d 662.

> Poster VIII: *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1975, 517 F.2d 110.

> Poster IX: *Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1975, 517 F.2d 117.

> Poster X: *Poster Exchange, Inc. v. National Screen Service Corp.,* 5 Cir., 1975, 517 F.2d 129.

As before, Poster's response was to present affidavits lacking the requisite evidentiary value. See *Benton-Volve-Metairie, Inc. v. Volvo Southwest, Inc.,* 5 Cir., 1973, 479 F.2d 135, 139; *Bruce Construction Corp. v. United States,* 5 Cir., 1957, 242 F.2d 873, 875; F.R.Civ.P. 56(e). Consequently, we find no basis for error in the District Court's granting summary judgment against Poster. Hopefully, Poster XI is the last Poster to come before this Court from this struggle.

AFFIRMED.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.