EXHIBITORS POSTER EXCHANGE,
INC., Plaintiff-Appellant,

v.

NATIONAL SCREEN SERVICE CORPO-
RATION et al., Defendants-Appellees.

No. 76–2463
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1976.
Rehearing Denied Jan. 10, 1977.

Francis T. Anderson, Yeadon, Pa., Glenn
B. Hester, Augusta, Ga., C. Ellis Henican,
Jr., New Orleans, La., for plaintiff-appel-
lant.

Gibbons Burke, New Orleans, La., Walter
S. Beck, New York City, for National
Screen.

Phillip A. Wittmann, New Orleans, La.,
Cynthia S. Wall, New Orleans, La., for Pro-
ducers.

Before COLEMAN, GOLDBERG and
GEE, Circuit Judges.

PER CURIAM.

This appeal arises out of anti-trust
litigation of many years' duration. The
history of this litigation is outlined in *The
Poster Exchange, Inc. v. National Screen
Service Corporation, et al.*, 5 Cir., 1976, 542
F.2d 255 (No. 76–1870, Nov. 11, 1976, slip
opinion p. 6517). Once again the appellant,
Exhibitors Poster Exchange, Inc., urges
that a summary judgment cannot have col-
lateral estoppel effect. The same argument
was urged to us and decided against this
same appellant in *Exhibitors Poster Ex-
change, Inc., v. National Screen Service
Corporation, et al.*, 5 Cir., 1975, 517 F.2d
110, cert. denied, 423 U.S. 1054, 96 S.Ct. 784,
46 L.Ed.2d 643 (1976).

We said in that opinion:

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.

"It would be strange indeed if a summary judgment could not have collateral estoppel effect. This would reduce the utility of this modern device to zero." 517 F.2d at 115.

Despite our pronouncement, despite our denials of rehearings by panel and *en banc*, and despite the Supreme Court's declining certiorari in this matter, the appellant nevertheless began yet another lawsuit in the district court which, upon its termination by summary judgment in favor of the yet-again appellees, confronts us with precisely the same issue. In its brief the appellant states that it is re-litigating the same issue with admitted forlorn hope that we will overrule our previous decision.

■ The appellees have filed in this Court a motion for damages for frivolous appeal under Rule 38, F.R.A.P. The motion is well taken. Appellees have again been required to file pleadings and brief, incur costs and attorneys' fees to protect their interests. These expenses were necessitated only by frivolous litigation. We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by 28 U.S.C. § 1912.

■ Appellees have also filed a motion for an injunction prohibiting the appellant from future litigation against them based on the same cause of action. The motion is filed of first instance in this Court. We are without jurisdiction to consider this request since there is no final or otherwise appealable decision of the district court. 28 U.S.C. §§ 1291, 1292; *Wooten v. Bomar*, 6 Cir., 1959, 266 F.2d 27. Nor can it be considered an application for the exercise of our supervisory authority because the relief sought is not in aid of our jurisdiction. 28 U.S.C. § 1651.

The judgment of the district court is affirmed and the case is remanded for a determination of damages and costs.