**EXHIBITORS POSTER EXCHANGE, INC.**

v.

**NATIONAL SCREEN SERVICE CORP. et al.**

**Civ. A. No. 75–2503.**

United States District Court, E. D. Louisiana.

Feb. 27, 1978.

Francis T. Anderson, C. Ellis Henican, Jr., New Orleans, La., Glenn B. Hester, Augusta, Ga., for plaintiff.

Burke & Ballard, Gibbons Burke, New Orleans, La., Walter S. Beck, New York City, for National Screen.

Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittmann, New Orleans, La., for producers.

ALVIN B. RUBIN, Circuit Judge.*

On remand, it is my duty to execute the Mandate of the Fifth Circuit Court of Appeals, to "determine the amount of costs and damages to be paid to the appellees as provided by 28 U.S.C. § 1912." The opinion of that Court, however, also states:

> "The appellees have filed in this Court a motion for damages for frivolous appeal under *Rule 38, F.R.A.P.* The motion is well taken." (emphasis supplied)

Later in the same paragraph, the opinion reads:

> "We remand this case to the district court to determine the amount of costs and damages to be paid to the appellees, as provided by *28 U.S.C. § 1912.*"[1] (emphasis supplied)

There is a potential ambiguity in the two references. Rule 38 provides:

> "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

On the other hand, 28 U.S.C. § 1912 provides for "just damages *for his delay,* and single or double costs."

The issues before me therefore include:

---

* Sitting as District Judge by Special Designation of Chief Judge John R. Brown.

1. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corporation, et al.,* 5 Cir. 1976, 543 F.2d 1106, cert. denied 431 U.S. 938, 97 S.Ct. 2651, 53 L.Ed.2d 256 (1977).

1. Is it the mandate of the Court of Appeals that the damages include only costs or am I instructed also to allow attorneys' fees?

2. If attorneys' fees are allowed, should it be for the fees incurred in all of the litigation or only for those resulting from the appeal?

3. If costs are allowed, should it be for those attributable to all of the litigation or only for those resulting from the appeal?

4. What amount, if any, should be awarded for other damages?

5. Should the award be only against the plaintiff-appellant, or should there be an award against its counsel, as now contended by counsel for defendants-appellees.

Having referred this case to a Magistrate as Special Master, and having received her report and recommendations, as well as the briefs of counsel, I adopt her report and recommendations, for the following reasons:

## I.

On August 11, 1975, plaintiff, an independent jobber in the motion picture accessory business, filed this anti-trust civil action alleging that the defendants had conspired to restrain trade and monopolize the motion picture accessory industry. This was the fifth anti-trust suit filed by the plaintiff against these defendants since 1961, on the identical cause of action, and it was filed after a definitive ruling that the plaintiff was collaterally estopped from proving its allegations. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corporation et al.,* 5 Cir. 1975, 517 F.2d 110; certiorari was later denied, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976). This Court granted defendants' motions for summary judgment, and the Court of Appeals affirmed this action. 543 F.2d 1106.

In its opinion, the Court of Appeals did not expressly instruct the trial court to award attorneys' fees. Neither Rule 38, F.R.A.P., nor Section 1912 mentions attorneys' fees. Nonetheless it is my conclusion that the Court of Appeals intended to allow such fees as part of defendants-appellees' damages, and to award them for services in the total litigation, not merely for those applicable to the appeal. The opinion states: "Appellees have again been required to file pleadings and brief and incurred costs and attorneys' fees to protect their interests. These expenses were necessitated only by frivolous litigation." Nor does the opinion refer merely to the appeal: It says, "the appellant nevertheless began yet another lawsuit in the district court."

■ Apart from statute or rule the Court of Appeals has inherent power to award attorneys' fees to the victim of frivolous litigation, *Carter v. Noble,* 5 Cir. 1976, 526 F.2d 677. See also *Alyeska Pipeline Service Co. v. Wilderness Society,* 1975, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, quoting *F. D. Rich Co. v. Industrial Lumber Co.,* 1974, 417 U.S. 116, 129–30, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703, a court may assess attorneys' fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See also *Hall v. Cole,* 1973, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702.

■ Moreover, despite the express reference to "damages for delay" in 28 U.S.C. § 1912, and the absence of such a reference in Rule 38, F.R.A.P., apparently both provisions contemplate the allowance of attorneys' fees as damages for delay. The Advisory Committee notes on Rule 38 state: "While both the statute [28 U.S.C. § 1912] and the usual [local] rule on the subject by courts of appeals . . . speak of 'damages for delay,' the courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay. See *Dunscombe v. Sayle,* (5 Cir. 1965), 340 F.2d 311, cert. den., 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62; *Lowe v. Willacy,* (9 Cir. 1956), 239 F.2d 179, 9 Alaska 499; *Griffin Wellpoint Corp. v. Munro-Langstroth Inc.,* (1 Cir. 1959), 269 F.2d 64; *Ginsburg v. Stern,* (3 Cir. 1961), 295 F.2d 698 . . . ."

Various courts have referred to and utilized F.R.A.P. 38 and 28 U.S.C. § 1912 interchangeably. *Acevedo v. INS,* 2 Cir. 1976, 538 F.2d 918, 921; *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.,* 2 Cir. 1970, 422 F.2d 1278, 1284. According to 9 Moore's Federal Practice, § 238.02, at 4252, "the cases interpreting § 1912 indicated that ordinarily 'damages for delay' does not include attorney's fees, but that in the case of a frivolous appeal, the court of appeals could award attorney's fees. Rule 38 makes this explicit by making provision for 'damages' rather than 'damages for delay.'"

■ Therefore, I conclude that the Court of Appeals has instructed me to allow both costs and attorneys' fees incurred in the entire litigation as part of the damages sustained by the defendants as a result of frivolous litigation.

## II.

■ The Magistrate's report makes a thorough and comprehensive analysis of the facts of this case and of the factors to be considered in allowing attorneys' fees under *Johnson v. Georgia Highway Express, Inc.,* 5 Cir. 1974, 488 F.2d 714. I approve and adopt these findings. At my direction, they are divided into separate time components so that, if I have misunderstood the mandate, all of the elements necessary to reverse my conclusions will be available.

1. From the date the fifth suit was filed, August 11, 1975, to January 12, 1976, when the Supreme Court denied certiorari from plaintiff's prior appeal:[2]
   a. Mr. Walter S. Beck, lead counsel for National Screen Service Corporation— $ 737.50
   b. Mr. Gibbons Burke, local counsel for National Screen Service Corporation— $ 315.00
   c. Mr. Phillip Wittmann, counsel for all other defendants— $ 540.00
2. From January 12, 1976, when certiorari was denied in the prior suit to May 12, 1976, the time when the appeal in the present suit was taken:
   a. Mr. Walter S. Beck $3162.50
   b. Mr. Gibbons Burke $ 180.00
   c. Mr. Phillip Wittmann $2070.00
3. From the time of appeal, May 12, 1976, to the date of issuance of the mandate, May 31, 1977:
   a. Mr. Walter S. Beck $3000.00
   b. Mr. Gibbons Burke $ 360.00
   c. Mr. Phillipp Wittmann $ 612.00
   d. To Mr. Wittmann for other employees in his firm— $ 864.55

Further, I adopt the Magistrate's findings and allow costs as follows:

1. Mr. Walter S. Beck $ 384.64
2. Mr. Gibbons Burke $ 106.43
3. Mr. Phillip Wittmann $ 585.82

Therefore, judgment will be entered in favor of defendant, National Screen Corporation, Inc., for attorneys' fees in the total amount of $7,755.00, and single costs in the total amount of $490.52. Judgment will be entered in favor of defendants, Columbia Picture Industries, Inc., Metro-Goldwyn-Mayer, Inc., Paramount Pictures Corporation, Twentieth Century Fox Distributing Corporation, United Artists Corporation, Universal Film Exchange, Inc., and Warner Bros. Distributing Corporation, in the total amount of $4,086.77 for attorneys' fees and single costs in the total amount of $585.82.

## III.

■ Pursuant to 28 U.S.C. § 1927, the Court may require counsel who "increase costs unreasonably and vexatiously . . . to satisfy personally such excess[ive] costs." Nothing in the mandate of the Court of Appeals suggests that it was their intention that the attorneys' fees and costs allowed in this matter be taxed to counsel. Moreover, Section 1927 does not permit taxation of attorneys' fees as part of the costs. *U. S. v. Ross,* 6 Cir. 1976, 535 F.2d 346, 350; *1507 Corp. v. Henderson,* 7 Cir. 1971, 447 F.2d

---

2. Plaintiff contends that costs incurred prior to January 12, 1976, should not be allowed on the theory that the new suit was necessary to protect plaintiff's interests. The argument ignores the fact that, if the Supreme Court had granted certiorari, plaintiff would have had a viable lawsuit in which it could assert its claims, without need for filing a new lawsuit. If the Court denied certiorari, as it did, then a duplicative lawsuit could serve no purpose.

540, 543. Therefore, the judgment will be entered against the original plaintiffs only.

### IV.

No other damages have been proved. The Clerk of Court will enter judgment accordingly.