The DOW CHEMICAL COMPANY, Plaintiff-Appellee,

v.

M/V GULF SEAS, Its Tackle, etc., In Rem, Defendant,

Gulf Mississippi Marine Corporation, Defendant-Appellant.

No. 78–3124
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 19, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**614**

Richard B. Foster, Atty., George A. Frilot, III, New Orleans, La., for defendant.

Eikel & Davey, Attys., Robert Eikel, Houston, Tex., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

In 1971 Dow's barge and cargo, while in custody of Gulf Mississippi's tug, sank. Dow sued for damages, and Gulf Mississippi denied liability. The trial judge eventually found mutual fault and divided liability evenly between the parties. In a separate trial on damages, the court found replacement of the barge to cost $980,000. Dow had alleged its value at $1,500,000. Other damages were not seriously disputed. The judge found no "peculiar circumstances" justifying denial of prejudgment interest, citing *Socony Mobil Oil Co. v. Texas Coas. & Intern., Inc.*, 5 Cir. 1977, 559 F.2d 1008.

Gulf Mississippi objected to the interest award, and the issue was briefed on motion for rehearing. The trial court affirmed its initial award.

On appeal Gulf Mississippi contends that the award of prejudgment interest was error. Dow contends that the appeal is without merit and merely a delaying technique, and seeks damages, including attorney's fees and double costs, under Rule 38, F.R.A.P. and 28 U.S.C. § 1912.

The general rule in admiralty cases is that prejudgment interest should be awarded, *Nat G. Harrison Overseas Corp. v. American Tug Titan*, 5 Cir. 1975, 516 F.2d 89, 97. Certain "peculiar circumstances," however, may justify denial of interest as an award. *Id.*

A recent explanation of factors to be considered in withholding interest in an award appears in *Socony Mobil*. In that case the trial court had denied interest for four reasons: complexity of the case, need for extensive discovery, stay pending resolution of a related case, and delay due to crowded docket. The trial court reasoned that such delays could not be attributed to the defendant. This Court found those considerations irrelevant, noting that they were also not attributable to the plaintiff. As prejudgment interest is a form of compensation, rather than a penalty, it was an abuse of discretion to withhold it. 559 F.2d at 1014.

Appellant correctly notes that denial of prejudgment interest has been upheld on appeal where "peculiar circumstances" are present. Some of these circumstances appear in the case at bar. E. g., *Nat G. Harrison Overseas Corp.*, 97 (legitimate dispute as to liability, finding of mutual fault); *Sinclair Ref. Co. v. SS GREEN ISLAND*, 5 Cir. 1970, 426 F.2d 260, 262 (inflated damages demand). These cases, however, do not require a ruling that interest may not be awarded where these factors are present. In *GREEN ISLAND* appellant had contended that, where there was mutual fault (stipulated in that case) or a serious dispute as to liability, interest could not be awarded. The Court disagreed, stating that these were only factors for consideration in the exercise of the judge's discretion. 426 F.2d at 262.

Although appellant claims that the trial court abused his discretion in failing properly to consider what it terms the peculiar circumstances of the case, the court's decision was repeated on rehearing after the facts and applicable law had been exhaustively briefed. Additionally, the trial court relied on *Socony Mobil* in making its initial ruling that there were no such circumstances justifying withholding of interest. It was not an abuse of discretion to apply the general rule to the facts in this case.

An appeal is not patently frivolous merely because the trial court is affirmed. The facts of the case might well support a denial of prejudgment interest. As the matter is one committed to the trial court's discretion, however, our standard of review is quite limited. This appeal is not frivo-

lous, and therefore an award of damages to appellee is unjustified. The cases cited by appellee are clearly distinguishable. In *Exhibitors Poster Exch., Inc. v. National Screen Serv. Corp.*, 5 Cir. 1976, 543 F.2d 1106, *cert. denied*, 431 U.S. 938, 97 S.Ct. 2651, 53 L.Ed.2d 256 the sole issue in the lawsuit admittedly had been litigated and appealed before; appellant expressed a "forlorn hope" that this Court would overrule its earlier decision. *Id.*, 1107. Similarly, in *Monroe Auto Eqpt. Co. v. NLRB*, 5 Cir. 1975, 511 F.2d 611, appellant had the benefit of extensive NLRB proceedings and appellate court review of the Board's order prior to initiating suit in district court. Arguments asserted were clearly contrary to congressional policy and case law. *Id.*, 614. *See also, Dunscombe v. Sayle*, 5 Cir. 1965, 340 F.2d 311 (appeal "patently frivolous"; no facts given); *Myers v. Velasquez*, 5 Cir. 1926, 16 F.2d 111, 112 (appellate issue unsupported by allegations in brief or record).

The Judgment of the District Court is AFFIRMED.