J. D. MONK et al., Plaintiffs,

v.

ROADWAY EXPRESS, INC., et al., Defendants-Appellees,

Robert E. Piper, Jr., et al., Movants-Appellants.

No. 77–2067.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1979.

---

Herschel E. Richard, Jr., Charles G. Tutt, Shreveport, La., for movants-appellants.

John L. Schober, Jr., Shreveport, La., M. Curtiss McKee, Armin J. Moeller, Jr., Jackson, Miss., for Roadway Express.

Edward B. Cloutman, III, Dallas, Tex., for Truck Drivers and Helpers Local.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In this case we examine the propriety of assessing attorneys' fees under 28 U.S.C. § 1927 and 42 U.S.C. §§ 1988, 2000e–5(k)[1] against the plaintiffs' attorneys in a Title VII case. Finding that the three statutes relied on by the district court do not support the assessment of attorneys' fees against attorneys, we vacate that portion of the district court's judgment which awards attorneys' fees to the defendants at the plaintiffs' attorneys' expense, and we remand to the district court for modification of the judgment to reflect only the excess costs caused by the plaintiffs' attorneys' conduct.

On June 3, 1975, J. D. Monk, Percy Green, and Robert McPherson, individually and on behalf of others similarly situated, filed suit against Roadway Express, Inc. (Roadway) and Local Union No. 194 of the International Brotherhood of Teamsters for racial discrimination. The plaintiffs were represented by Robert C. Piper, Jr., Frank E. Brown, Jr., and Bobby Stromile, the appellants in the instant case.

On September 5, 1975, the plaintiffs commenced discovery by propounding interrogatories to Roadway. Roadway's motion for enlargement of time within which to answer interrogatories was filed and granted on November 14, 1975. On January 5, 1976, Roadway answered the plaintiffs' interrogatories and simultaneously propounded interrogatories to the plaintiffs. Roadway filed a motion on April 13, 1976, for an order compelling the plaintiffs to answer their interrogatories. A hearing on the motion was scheduled for 10:00 a. m. on April 22, 1976, but the plaintiffs' attorneys failed to appear, requiring the hearing to be rescheduled for 3:00 p. m. on the same day. Following the hearing, the magistrate ordered the plaintiffs to answer the interrogatories on or before May 24, 1976.

At the same time that it had filed a motion to compel, Roadway had noticed depositions of each of the plaintiffs to be taken on May 6 and 7, 1976. The depositions of Monk and Green were taken, but McPherson could not be located by his attorney and his deposition was not taken.

The plaintiffs' lack of cooperation in the defendants' pretrial discovery efforts led Roadway to file two motions to dismiss. On May 18, 1976, Roadway moved to dismiss McPherson's complaint for failure to give his deposition, and on June 14, 1976, Roadway moved to dismiss the complaint of the plaintiffs, with prejudice, for failure to answer interrogatories. On June 16, 1976, the district court ordered the plaintiffs to show cause why their complaint should not be dismissed, with prejudice, and why they should not be taxed with all of the defendants' reasonable expenses, costs, and attorneys' fees. Pursuant to a hearing on the

---

1. 28 U.S.C. § 1927 provides:

    Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.

    42 U.S.C. § 1988 provides, in pertinent part:
    In any action or proceeding to enforce a provision of sections 1981, 1982, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provi-

    sion of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

    42 U.S.C. § 2000e–5(k) provides:
    (k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

order, the district court dismissed the case without prejudice on June 30, 1976, but retained jurisdiction to determine whether the defendants were entitled to an award of expenses, costs, and attorneys' fees.

On October 5, 1976, the district court held an evidentiary hearing on the imposition of sanctions and/or the taxation of costs and attorneys' fees against the plaintiffs and their counsel. On January 6, 1977, the district court ordered certain costs, attorneys' fees, and expenses taxed against the plaintiffs' attorneys on the grounds that their conduct was deliberate and vexatious in that they failed to diligently pursue the plaintiffs' interests and abide by the Federal Rules of Civil Procedure. The court found that the forced dismissal of the plaintiffs' claims was caused by the total and deliberate failure of their counsel to properly prosecute them, as evidenced by their failure to answer Roadway's interrogatories as ordered; their failure to produce McPherson for his deposition as previously agreed; their failure to advise their clients of their denomination as class representatives and the possible consequences of class representation; and their failure to file briefs twice requested by the court concerning this case's relation to a class action certification entered in the Western District of Texas. A motion for a rehearing on the motion to assess attorneys' fees and costs against the plaintiffs' attorneys was filed and denied. The plaintiffs' attorneys, Piper, Brown, and Stromile, appeal from the judgment against them in the amount of $17,372.53 for the attorneys' fees and costs incurred by Roadway in defending the law suit.

The appellants contend first that the district court erroneously assessed attorneys' fees against them under 28 U.S.C. § 1927 and 42 U.S.C. §§ 1988, 2000e–5(k), since § 1927 refers only to "excess costs" and §§ 1988 and 2000e–5(k) are applicable only to parties. They next contend that their conduct was not vexatious so that no award of costs under § 1927 should have been entered against them.

■ Looking first to the propriety of entering any award at all against the appellants under § 1927, we find that the district court's determinations regarding the vexatiousness of the appellants' behavior are not clearly erroneous. *See United States v. National Ass'n of Real Estate Boards*, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); Fed.R.Civ.P. 52(a). The instances of misconduct related in the district court's ruling on the motion to assess costs and attorneys' fees adequately support the court's findings of fact concerning the vexatious manner in which the appellants conducted the law suit. Thus, under § 1927, the appellants are subject to personal liability for the excess costs generated by their unreasonable and vexatious multiplication of the proceedings. Having determined that the appellants are liable for an award under § 1927, we turn to the proper scope of their liability.

■ The general American rule is that attorneys' fees are not ordinarily recoverable as costs. *E. g., Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391, 90 S.Ct. 616, 24 L.Ed.2d 593 (1969). Section 1927's reference to "costs" neither specifically includes nor specifically excludes attorneys' fees as allowable costs under the statute. Our research reveals a split among circuits concerning the correct construction of § 1927 and the scope of allowable costs under the statute.

The Second Circuit indicated clearly in *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1087–89 (2d Cir. 1977), that, where an attorney has been vexatious in increasing costs through improper motions, actions, or delays, he may be assessed, under § 1927, the "expenses, costs, and attorneys' fees reasonably incurred by the opposing party or parties in meeting such improper motions, action, or delays." Although the District of Columbia Circuit did not address the question as directly as did the Second Circuit, a recent case from the District of Columbia Circuit suggests that that circuit would rule similarly were it faced with a case where the

attorney had acted vexatiously. *See Asai v. Castillo*, 193 U.S.App.D.C. 68, 593 F.2d 1222 (1979). In addition, several cases at the district court level have allowed attorneys' fees as part of a § 1927 award against an attorney. *Nemeroff v. Abelson*, 469 F.Supp. 630 (S.D.N.Y.1979); *North American Foreign Trading Corp. v. Zale Corp.*, 77–C–1056 (S.D.N.Y.1979); *Wheeler v. Anchor Continental, Inc.*, 19 Empl.Prac. Dec. (CCH) ¶ 9006 (D.S.C.1978); *In re Complaint of Cosmopolitan Shipping Co.*, F.Supp. (slip op. issued 12–26–78) (S.D.N.Y. 1978).

On the other hand, the Sixth Circuit, in *United States v. Ross*, 535 F.2d 346, 350–51 (6th Cir. 1976), concluded that the "costs" provided by § 1927 should be limited to taxable costs, recognizing in the course of that determination that attorneys' fees cannot be part of those costs. The Seventh Circuit had reached the same conclusion earlier in *1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971). Three district courts, two of which are in this circuit, have since followed suit. *See Yarborough v. Texas Oklahoma Express, Inc.*, 86 Lab.Cas. (CCH) ¶ 11,256 (N.D.Tex.1979); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 78 F.R.D. 192 (E.D.La.1978); *Chrysler·Corp. v. Lakeshore Commercial Finance Corp.*, 389 F.Supp. 1216 (E.D.Wis. 1975), *aff'd*, 549 F.2d 804 (7th Cir. 1977). In addition, the First Circuit, while not having clearly addressed the issue, suggests that attorneys' fees are not allowable in a § 1927 award, *see Bonsukan v. Immigration and Naturalization Service*, 554 F.2d 2, 4 (1st Cir.), *cert. denied*, 434 U.S. 833, 98 S.Ct. 118, 54 L.Ed.2d 93 (1977), and a fourth district court reaches the same result in construing similar statutory provisions for awards of costs, *see Lockett v. Hellenic Sea Transports Ltd.*, 60 F.R.D. 469 (E.D.Pa.1973).

We agree with the Sixth Circuit in its observations that § 1927 should be strictly construed because it is penal in nature. *United States v. Ross*, 535 F.2d at 350. To read § 1927's provision for "costs" as including an award of attorneys' fees "would require us to ascribe to Congress a purpose to vary the meaning of that term without either statutory language or legislative history to support the unusual construction," as the Supreme Court was urged to do in construing the provision for "costs" in § 35 of the Lanham Act. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 720, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475 (1967). The Court's observations in that case bear repeating in our endeavor to divine the Congressional intent underlying § 1927's provision for the assessment of costs against attorneys. "When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied." *Id.* at 720, 87 S.Ct. at 1408. Since "attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor," *id.* at 717, 87 S.Ct. at 1407, and since § 1927's provision for assessment of costs against attorneys is an extraordinary remedy, we conclude, as did the Supreme Court with regard to § 35 of the Lanham Act, that "[a] judicially created compensatory remedy in addition to the express statutory remedies is inappropriate in this context," *id.* at 721, 87 S.Ct. at 1409.[2] We thus hold

---

2. We acknowledge that a panel of this circuit affirmed the assessment of jury expenses under § 1927 in *Harrell v. Joffrion*, 73 F.R.D. 267, 268 (W.D.La.), *aff'd without opinion*, 545 F.2d 167 (5th Cir. 1976). We point out, however, that the judgment in *Harrell v. Joffrion* was affirmed pursuant to Local Rule 21. Under that rule, the panel to whom the case is submitted must determine that an opinion in the case would have no precedential value before the rule is triggered. Given that fact, in conjunction with the fact that the basis for a Rule 21 affirmance is never subjected to the scrutiny of the entire court as are published opinions which are circulated among the court prior to their release, we are doubtful that a district court opinion affirmed without opinion pursuant to Rule 21 is Fifth Circuit authority to which we are bound in our ensuing opinions. Even if we were bound by *Harrell v. Joffrion*, we would decline to expand § 1927 further to include attorneys' fees.

that the district court's inclusion of attorneys' fees in the award of costs, pursuant to § 1927, against the appellants was erroneous, and we vacate that portion of the judgment.

Our construction of § 1927 does not foreclose assessment of attorneys' fees against attorneys in every conceivable situation, it merely forecloses the imposition of such liability under § 1927. Moreover, new legislation specifically providing for such assessments can, of course, be enacted at Congress' will.

We note that the district court's reliance on 42 U.S.C. §§ 1988 and 2000e-5(k) in assessing attorneys' fees against the appellants does not alter the result in this case. Those sections provide for attorneys' fees awards against unsuccessful *parties* to a suit, and they focus on actions which are frivolous, unreasonable, and baseless in allowing awards against unsuccessful *plaintiffs*. *See, e. g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Little v. Southern Electric Steel Co.*, 595 F.2d 998 (5th Cir. 1979). Nothing in the language of those statutes and nothing in the cases cited to us by the appellees leads us to believe that §§ 1988 and 2000e-5(k) authorize the imposition of attorneys' fees against an unsuccessful party's attorneys. Neither could the district court combine the provisions of those statutes with those of § 1927 to produce a hybrid result contemplated by none of the statutes.

In conclusion, we vacate the judgment of the district court and remand for determination of a proper award consistent with this opinion. We point out in closing that § 1927 provides only for *excess* costs caused by the plaintiffs' attorneys' vexatious behavior and consequent multiplication of the proceedings, and not for the total costs of the litigation.

VACATED and REMANDED.