United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-10101
Summary Calendar

———————————

JOHNNY MARTINETS,

      Plaintiff,

JOAN DURKIN,

      Appellant,

                  versus

CORNING CABLE SYSTEMS L.L.C., et al.,

      Defendants,

CORNING CABLE SYSTEMS L.L.C.,

      Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-250-A

———————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Joan Durkin, attorney for plaintiff Johnny Martinets, appeals

the district court's award of attorneys' fees against her under 42

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

U.S.C. §§ 5000e-5(k) and 12205 for filing and pursuing a frivolous civil rights lawsuit.  She contends that the lawsuit was not frivolous and, alternatively, that the district court had no authority to award fees against her under the cited statutes.

I.

Between January 28, 1997 and October 11, 2001, Martinets worked as a sheet metal worker at defendant Corning Cable Systems's plant in Keller, Texas.  During his employment Martinets allegedly began experiencing progressive hearing loss due to his loud working conditions.  He consulted the human resources department about filing a worker's compensation claim, and was instructed that he had to complete an accident report regarding the injury.  Martinets completed the report and human resources advised that company policy required anyone submitting an accident report to go to a local clinic for mandatory drug screening.  On the morning of October 11, 2001, after arriving at work, human resources instructed him to report to the clinic for the drug testing.  He went to the clinic for the screening, which entailed taking two breathalyzer tests and submitting to urinalysis.  The breathalyzer tests and urinalysis all showed positive for alcohol.  Upon learning of the positive results, Corning immediately terminated Martinets.

On that same day, after being fired, Martinets went to his family doctor and requested that he perform a blood alcohol test. The results of that test were negative for alcohol.  Martinets

2

attempted to appeal his termination but human resources told him the results of the clinic's tests were conclusive. As a result, Martinets filed this suit on February 19, 2002 in Texas state court.

Martinets's original petition against Corning alleged intentional infliction of emotional distress and negligence for terminating him without conducting an investigation into the accuracy of the test results. Martinets also charged that Corning had terminated him in retaliation for filing a workers' compensation claim, and had slandered him by stating that the results of the breathalyzer were positive.

On March 26, 2002, Corning filed a motion to dismiss the intentional infliction of emotion distress, negligence, and slander claims. On May 29, 2002, the district court granted the motion in regard to the intentional infliction and negligence claims. Martinets filed an amended complaint on June 10, 2002, that included only the workers' compensation retaliation claim. However, only ten days later, on June 20, 2002, he filed a motion for leave to file a second amended complaint that included a disability discrimination claim under the ADA and a racial discrimination claim under Title VII. It alleged that Corning discharged Martinets because of his hearing loss and that it refused to allow Martinets, a white male, to rehabilitate himself after failing the drug tests or appeal the termination decision even though it had extended such opportunities to black and

3

Hispanic employees. The second amended complaint also added Concentra, Inc., the clinic that conducted the drug testing, as an additional defendant, and averred that Concentra was liable under the Fair Credit Reporting Act for failing to follow reasonable procedures to assure the accuracy of the report that showed Martinets had tested positive for alcohol.

On October 17, 2002, Concentra filed its answer and a motion to dismiss, which the district court granted. In the same order the district court also *sua sponte* severed the workers' compensation retaliation claim against Corning and remanded it to state court after determining that state workers' compensation claims cannot be removed to federal court.

On November 27, 2002, Corning filed its motion for summary judgment. It argued that Martinets could not show pretext in regard to the discrimination claims and that Martinets's hearing loss was not a disability. It further alleged that the plaintiff's claims were "the latest in a series of frivolous, unreasonable, and groundless claims" warranting an award of attorneys' fees against Martinets and his attorney, Durkin, under *Christiansburg Garment Co. v. EEOC*, which held that a "district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not

4

brought in subjective bad faith."[1]

On December 17, 2002, Martinets filed his response, in which he admitted that the evening before he went to the clinic, he "consumed several beers and glasses of wine before and during dinner." Although he contended that "he was aware of non-white and non-disabled co-workers who reported to work under the influence of alcohol and/or failed company drug tests, yet no adverse employment actions were taken against those persons," the only such employee he could point to was an Asian American co-worker who allegedly once reported to work hung-over.

The district court granted Corning's motion for summary judgment, finding that the evidence unquestionably established that Corning's policy was to subject anyone who reported to work under the influence of alcohol to adverse employment action, including termination, and that Martinets had proffered no evidence to rebut this justification for his firing. It further determined that no evidence showed that the Asian American co-worker who had reportedly shown up at work with a hang-over was actually intoxicated on the job. It concluded that Martinets submitted no evidence showing he received less favorable treatment than any non-disabled or non-white employees, and that he failed to establish pretext.

The district court also determined that an award of attorneys'

---

[1] 434 U.S. 412, 421 (1978).

fees was appropriate under *Christiansburg*, because the plaintiff's allegations were "merely conclusory in nature and groundless" and "[t]he utter frivolity of this action must have been evident after plaintiff's deposition.... That plaintiff continued this litigation after the deposition ... speaks volumes about plaintiff's and his attorney's intentions."

## II.

Martinets does not appeal the grant of summary judgment, and only Durkin, Martinets's attorney, appeals the attorneys' fees award. She correctly argues that 42 U.S.C. 2000e-5(k) does not allow the assessment of attorneys' fees against the unsuccessful party's attorney.[2] From this she concludes that 42 U.S.C. § 12205, which contains nearly identical language, also does not allow awards against a party's attorney.[3] She also adds that under

---

[2] 42 U.S.C. 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."); *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1383 (5th Cir. 1979) ("Nothing in the language of [2000e-5(k)] and nothing in the cases cited to us by the appellees leads us to believe that 2000e-5(k) authorize[s] the imposition of attorneys' fees against an unsuccessful party's attorneys.").

[3] 42 U.S.C. § 12205 ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.").

*Christiansburg* the awards constituted an abuse of discretion because the case was not frivolous, unreasonable, or without foundation.[4]

Corning responds that Durkin waived the issue whether the court could award fees against her by not raising it below, and asserts that it is clear from the history of the litigation that Martinets's case was frivolous. Corning is correct that Durkin did not argue to the district court that it was improper to award sanctions against her under § 2000e-5(k) and § 12205. "[O]rdinarily a party may not present a wholly new issue in a reviewing court."[5] We apply plain error review in determining whether to allow a party to raise a new issue on appeal.[6] Under this standard "[t]here must be an error that is plain and that affects substantial rights."[7] It is within our discretion whether to correct such an error, and we will only exercise it in the rare circumstances in which the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."[8]

This is not one of those rare cases. In evaluating whether

---

[4] *See Christiansburg*, 434 U.S. at 421.

[5] *Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997) (internal quotation marks omitted).

[6] *Id.*

[7] *Id.*

[8] *Id.*

7

injustice would inure in this case, we "evaluate the blameworthiness of the party's failure to raise the issue below."[9] Although we permit litigants appearing *pro se* latitude in raising new issues on appeal, Durkin "is an attorney and should know when issues should be raised."[10] Corning's motion for summary judgment made clear that it was seeking sanctions against Durkin as well as Martinets. Yet Durkin never explained why she, as Martinets's attorney, should not be sanctioned, and "[her] failure to do so is unreasonable."[11]

We also reject Durkin's argument that the trial court abused its discretion in awarding the fees because Martinets's case was not frivolous or vexatious. Our own review of the history of this litigation supports the district court's determinations.

AFFIRMED.

---

[9] *St. Amant v. Bernard*, 859 F.2d 379, 385 (5th Cir. 1988).

[10] *Id.*

[11] *Id.*

8