**Roy E. MERRITT, et al., Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO et al., Defendants.**

**No. GC 73–101–S–O.**

United States District Court, N. D. Mississippi, Greenville Division.

Nov. 8, 1979.

See also, D.C., 495 F.Supp. 25.

18

Alvin M. Binder, Binder, Moore & Howell, Jackson, Miss., for Franklin Machine and Iron Co.

William A. Pyle, Watkins, Pyle, Ludlam, Winter & Stennis, Jackson, Miss., for Bechtel Power Corp., Papco, Inc., Brock & Blevins Co., Inc., Eichleay Corp., Riley Stoker Corp., The Rust Engineering Co., H. K. Ferguson Co., Research-Cottrell, Inc., Forest Wheeler Corp., C & I Girdler Co., Inc., Missouri Boiler & Tank Co., Davy Powergas, Inc., Wallace Power Co., Brooks Erection Co., Catalytic, Inc., and The Gaskell Co., Inc.

E. Grady Jolly, Jolly, Miller & Milam, Jackson, Miss., for Flame Refractories, Inc.

J. Leray McNamara, Wise, Carter, Childs, Steen & Caraway, Jackson, Miss., for Wallace Industrial Contractors of Mississippi, Inc., Fletcher Construction Company, Chemical Construction Corp., and Graver Tank Co.

Dixon L. Pyles, Jackson, Miss., C. R. McRae, Pascagoula, Miss., for plaintiffs.

George H. Slade, Greenville, Miss., John J. Blake, Steve A. J. Bukaty, Blake & Uhlig, Kansas City, Kan., for Labor defendants.

Frank C. Horton, Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for Perry Smith Co.

Richard M. Edmonson, McDavid & Edmonson, Jackson, Miss., for Prairie Tank & Const. Co.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on motions by the several defendants for the allowance of attorneys' fees and expenses against plaintiffs and their counsel of record.

The defendants who have filed motions for the allowance of attorneys' fees and expenses in connection with the prosecution of motion for summary judgment are:

1. Research-Cottrell, Inc. (February 10, 1978)
2. H. K. Ferguson Co. (February 10, 1978)
3. Nooter Corporation and the Missouri Boiler and Tank Company, Division of Nooter Corp. (February 10, 1978)
4. Eichley Corporation (February 10, 1978)
5. Brock & Blevins Company (February 10, 1978)
6. Catalytic, Inc. (February 10, 1978)
7. Bechtel Power Corporation (February 10, 1978)
8. Papco, Inc. (February 10, 1978)
9. Davy Powergas, Inc. (February 10, 1978)

10. Sam P. Wallace Company (February 10, 1978)
11. Riley Stoker Corp. (February 10, 1978)
12. Rust Engineering Company (February 10, 1978)
13. Brooks Erection Company (February 10, 1978)
14. Foster Wheeler Energy Corp. (February 13, 1978)
15. The Gaskell Company (March 8, 1978)
16. Chemical Construction Corp. (April 27, 1978)
17. Fletcher Construction Company (April 27, 1978)
18. Graver Tank Company (April 27, 1978)
19. Wallace Industrial Constructors of Mississippi, Inc. (April 27, 1978)
20. Prairie Tank & Construction Company (February 5, 1979); and
21. Flame Refractories, Inc. (September 20, 1979).[1]

The defendants who have requested an allowance of fees and expenses for responding to plaintiffs' 1977 motions for summary judgment, are:

1. Labor defendants (January 14, 1978)
2. Perry T. Smith Company (February 3, 1978)
3. Riley Stoker Corp. (February 1, 1978)
4. Foster Wheeler Energy Corp. (February 1, 1978)
5. Brock & Blevins Company (February 1, 1978)
6. Davy Powergas, Inc. (February 1, 1978)
7. Eichley Corp. (February 1, 1978)
8. H. K. Ferguson Company (February 1, 1978)
9. Research-Cottrell, Inc. (February 1, 1978)

10. Bechtel Power Corp. (February 1, 1978)
11. Rust Engineering Company (February 1, 1978)
12. The Gaskell Company (February 1, 1978)
13. Papco, Inc. (February 1, 1978)
14. Catalytic, Inc. (February 1, 1978)
15. Nooter Corp. and the Missouri Boiler and Tank Company, Division of Nooter Corp. (February 1, 1978)
16. Sam P. Wallace Company (February 1, 1978)
17. Brooks Erection Company (February 1, 1978)
18. Chemical Construction Corp. (January 25, 1978)
19. Graver Tank Company (January 24, 1978)
20. Fletcher Construction Company (January 25, 1978)
21. Wallace Industrial Contractors of Mississippi, Inc. (January 25, 1978)
22. Flame Refractories, Inc. (January 16, 1978)
23. Franklin Machine & Iron Company (May 10, 1978); and
24. Prairie Tank & Construction Company (September 6, 1978)[2]

The action was initially placed on the docket of Honorable William C. Keady, Chief Judge of the district.

Labor defendants in the action are The International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL–CIO, hereinafter referred to as "Boilermakers"; Harold J. Buoy, individually and as President of the Boilermakers and as member of the Executive Council of the Boilermakers; John P. Swanson, James F. Precht, Ernest A. Awe, B. F. Falls, William A. Manning, Bill Williams, Charles W. Jones, Thomas Cooper, John D. Carroll and Donald G. Whan, individually and as members of the Executive

---

1. The date shown in parentheses beside the name of each defendant, is the filing date for the motion for summary judgment.

2. The date shown in parentheses beside the name of each defendant is the filing date for the motion for allowance of fees and expenses.

Council of the Boilermakers; J. F. Watford, individually and as Business Agent of Local 112 of the Boilermakers; Local 112 of the Boilermakers; Clyde R. Caldwell, individually and as Business Agent of Local 57 of the Boilermakers; Local 57 of the Boilermakers; Lloyd Conrad, individually and as Business Agent of Local 37 of the Boilermakers; Local 37 of the Boilermakers. Plaintiffs also initially sought to sue the Bechtel Corporation as the representative of a class of defendant employers engaged in doing business in Mississippi during the pertinent period and utilizing the services of members of the union defendants pursuant to a certain agreement between the International Union and said employers. Bechtel Corporation was, however, dismissed from the suit by Judge Keady's order.

Subsequent to the initial complaint, plaintiffs filed in January 1977, a "Revised Second Amended and Supplemental Complaint" (hereafter the "January 1977 Amendment"). Plaintiffs named as defendants thereto, a number of employers who were signatories to the above-mentioned agreement. Invalid summonses were issued and served on the employer defendants.

The action was transferred to the docket of this court and plaintiffs filed, on June 15, 1977, still another amended "Revised Second Amended and Supplemental Complaint" (hereafter the "June 1977 Amendment"). Plaintiffs then filed two motions addressed to the said amendments for partial summary adjudication pursuant to Rule 56, Fed.R.Civ.P. The motions, for all practical purposes, are identical to a former motion presented to Judge Keady.

The labor defendants as well as all other parties defendant were required to respond to the motions. Upon a consideration of the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits submitted, the court determined that the motions were not well taken and dismissed the same.

In the meantime, most, if not all of the defendants, except the labor defendants, presented separate motions for summary judgment. Upon submission of the motions, the court determined from the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits submitted by the parties, that there was no genuine issue as to a material fact and that the moving parties were entitled to judgment as a matter of law. Final judgments have been entered herein in favor of said defendants.

The labor defendants have moved for an allowance of attorneys' fees and expenses incurred in defending plaintiffs' motions for summary judgment. Because the action has now been finally dismissed as to all defendants, including the labor defendants, they request an allowance for attorneys' fees and expenses incurred in defending the action.

The defendant employers have joined the labor defendants in requesting an allowance of attorneys' fees and expenses incurred by them in defending plaintiffs' motions for summary judgment.

Most, if not all of the employer defendants, have moved for an allowance of attorneys' fees and expenses incurred in the prosecution of their own motions for summary judgment.

I. *Liability of Plaintiffs and/or Their Counsel for an Award of Attorneys' Fees and Expenses Incurred in Defending Plaintiffs' Motions for Summary Judgment.*

The defendants propose two statutes and a rule as forming the basis of their demand for allowance of fees and expenses. [3]

These are:

28 U.S.C. § 1927, which provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as

---

**3.** One or more of the defendants propose reliance upon the sanctions contained in Rule 37, Fed.R.Civ.P., as a basis for an award of fees and expenses. This reliance is misplaced, however, as Rule 37 applies to sanctions for failure to make discovery. It is not here applicable.

to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.

42 U.S.C. § 1988 [Supp.1979], which provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Rule 56(g), Fed.R.Civ.P., which provides:

(g) Affidavits Made in Bad Faith.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.

The defendants also rely upon the exercise of the court's equitable powers to enter an award on allowance of attorneys' fees and expenses.

## II. Movants Reliance on 28 U.S.C. § 1927 is Misplaced.

The movants urge the court to determine that counsel for plaintiffs should be held liable for their attorneys' fees and expenses upon the basis of 28 U.S.C. § 1927. The statute authorizes the allowance of increased costs brought about as the result of unreasonable and vexatious conduct by the "attorney or other person" mentioned in the statute. The United States Court of Appeals for the Fifth Circuit has recently held that the "costs" to which the statute is applicable do not include attorneys' fees and expenses.

The Fifth Circuit held in *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382–83 (5th Cir. 1979):

We agree with the Sixth Circuit in its observations that § 1927 should be strictly construed because it is penal in nature. *United States v. Ross*, 535 F.2d [346] at 350. To read § 1927's provision for "costs" as including an award of attorneys' fees "would require us to ascribe to Congress a purpose to vary the meaning of that term without either statutory language or legislative history to support the unusual construction," as the Supreme Court was urged to do in construing the provision for "costs" in § 35 of the Lanham Act. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 720, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475 (1967). The Court's observations in that case bear repeating in our endeavor to divine the Congressional intent underlying § 1927's provision for the assessment of costs against attorneys. "When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied." *Id.* at 720, 87 S.Ct. at 1408. Since "attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor, *id.* at 717, 87 S.Ct. at 1407, and since § 1927's provision for assessment of costs against attorneys is an extraordinary remedy, we conclude, as did the Supreme Court with regard to § 35 of the Lanham Act, that "[a] judicially created compensatory remedy in addition to the express statutory remedies is inappropriate in this context," *id.* at 721, 87 S.Ct. at 1409. (Footnote omitted) We thus hold that the district court's inclusion of attorneys fees in the award of costs, pursuant to § 1927, against the appellants was erroneous, and we vacate that portion of the judgment.

Our construction of § 1927 does not foreclose assessment of attorneys' fees against attorneys in every conceivable situation, it merely forecloses the imposition

of such liability under § 1927. Moreover, new legislation specifically providing for such assessments can, of course, be enacted at Congress' will.

The court concludes that an award of attorneys' fees and expenses against counsel for plaintiffs is not authorized by Section 1927.

### III. Rule 56(g), Federal Rules of Civil Procedure.

■ The movants rely upon this rule for an allowance of attorneys' fees and expenses incurred in defending plaintiffs' 1977 motions for summary judgment.

As the title of Rule 56(g) indicates, the rule applies to "[a]ffidavits made in bad faith." The rule creates authority for the court to award reasonable expenses when any of the affidavits presented in support of a motion for summary judgment are presented in bad faith or solely for the purpose of delay, the filing of which causes the opposing party to incur unnecessary expenses.

The rule authorizes the allowances to be made only against "the party employing them"—the plaintiffs herein. The rule does not authorize allowance of expenses against an attorney for the party; although the court may find an offending attorney guilty of contempt.

It is contended that the affidavits presented by plaintiffs to support the motion for summary judgment were presented in bad faith and solely for the purpose of delay. The court cannot find upon the record that the affidavits were submitted in bad faith or solely for the purpose of delay.

The court concludes that an award of attorneys' fees and expenses incurred in defending plaintiffs' motions for summary judgment is not justified under the provisions of Rule 56(g).

### IV. The General Equity Powers of the Court.

■ The generally accepted American rule is that attorneys' fees are not ordinarily recoverable as costs in the absence of a

statute or enforceable contract providing therefor. *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 391, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); *Fleischmann v. Maier Brewing Co.,* 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967); *Monk v. Roadway Express, Inc., supra.*

Limited exceptions to the American Rule have developed when overriding considerations of justice compel such a result. *Fleischmann v. Maier Brewing Co., supra,* 386 U.S. at 718.

In *Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the court said:

The American Rule has not served, however, as an absolute bar to the shifting of attorneys' fees even in the absence of statute or contract. The federal judiciary has recognized several exceptions to the general principle that each party should bear the costs of its own legal representation. We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, . . . .

417 U.S. at 129, 94 S.Ct. at 2165.

The movants argue that they are entitled to the allowance of attorneys' fees and expenses because plaintiffs have acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" so as to bring themselves within the rule recognized in *F. D. Rich Co. v. Industrial Co., supra,* 417 U.S. at 129, 94 S.Ct. at 2165.

A review of the events preceding movants' motions for an allowance of attorneys' fees and expenses is helpful to a solution of the problem.

The original complaint was filed on December 26, 1973. The plaintiffs sued labor defendants and one employer defendant, Bechtel Corporation.

The action is essentially a suit to compel the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, AFL–CIO, to create and charter an independent, autonomous boilermaker local having territorial jurisdic-

tion consisting of all 82 counties in the State of Mississippi. An amended and supplemental complaint was filed on May 28, 1974.

The plaintiffs filed a motion on May 20, 1975, to determine the propriety of maintaining the suit as a class action on behalf of a class of plaintiffs composed of all Mississippi members of the International Union who had been subjected to the same adverse treatment as the named plaintiffs. Plaintiffs also sought to sue a class of employer defendants to be represented by the Bechtel Corporation.

Plaintiffs, on October 29, 1976, filed a motion for Partial Summary Adjudication, pursuant to Rule 56(b) and (d) of Federal Rules of Civil Procedure. Thereafter, on January 10, 1977, plaintiffs filed a Second Amended and Supplemental Complaint. Judge Keady, on January 25, 1977, entered an order appointing a special process server to serve the process to be issued on the Second Amended and Supplemental Complaint. The process issued on this amended and supplemental complaint was not signed by the clerk and was not impressed with the seal of the court.

On February 24, 1977, Judge Keady entered an order granting summary judgment in favor of defendant, Bechtel Corporation, denying plaintiffs' motion to certify a class of employer defendants, denying motion of plaintiffs for Partial Summary Adjudication, denying motion of defendants, other than Bechtel Corporation, to strike demand for jury trial, denying motion for severance of claims and granting motion for separate trials on the issues of liability and damages.

On March 25, 1977, defendant Bechtel Power Corporation (hereinafter "Bechtel"), (having been substituted as a defendant for its affiliate corporation Bechtel Corporation) filed its answer to the January 1977 Amended and Supplemental Complaint. At the same time, Bechtel submitted interrogatories to plaintiffs. On April 5, 1977, Judge Keady entered an order finally dismissing

with prejudice the Second Amended and Supplemental Complaint as against the Bechtel Corporation.

The action was transferred to this court's docket on April 11, 1977, and on June 15, 1977, a "Revised Second Amended and Supplemental Complaint" was filed and new process was issued and served on the parties therein named as defendants. A motion to strike the June 1977 amended complaint was then filed by Bechtel.

Numerous motions were filed upon which orders were entered by this court dismissing certain defendants.

Plaintiffs filed on October 16, 1977, a third motion for partial summary judgment, entitled "Motion of Plaintiffs for Partial Summary Adjudication Pursuant to Rule 56(b) and (d) of Federal Rules of Civil Procedure." [4]

After the filing of the June 1977 Amendment, twenty-one of the employer defendants filed motions for summary judgment. In due course, these motions were granted and the action dismissed as to these defendants.

Finally, on September 21, 1979, final judgments in favor of all defendants were entered by the clerk upon the direction of the court. The final judgment resulted from the granting of the motions of the several defendants for summary judgment and for lack of prosecution as to the remaining defendants. Action on all pending motions for the allowance of attorneys' fees and expenses was reserved by the court.

In overruling plaintiffs' first motion for Partial Summary Adjudication Pursuant to Rule 56(b) and (d), Fed.R.Civ.P., Judge Keady held:

Plaintiffs' motion for partial summary judgment is nothing more than a catalog of proposed findings of fact and/or conclusions of law as to which plaintiffs blandly assert "[t]here are no genuine material issues of fact or law." They have failed to include the first reference

---

**4.** The reference to Rule 56(b) appears to be in error. A correct reference would be Rule 56(a). This same error appears in the other motions for partial summary adjudication filed by plaintiffs.

**24**

to the materials which might establish that the allegations set forth in their motion indeed are not in issue, and they likewise have failed to submit any legal authority which would support their contention that they are entitled to summary judgment, even if the allegations set out in the motion are taken as fact. It appears to the court that plaintiffs either do not understand the function of Rule 56 of the Federal Rules of Civil Procedure, or they are attempting to pervert the Rule in an attempt to have the court develop their suit for them. Whatever the case may be, however, the motion is utterly without merit and must be denied.

Order dated February 21, 1977, filed February 24, 1977.

The defendants argue that since Judge Keady overruled plaintiffs' first motion for Partial Summary Adjudication with the observation that the motion was "utterly without merit" and "nothing more than a catalog of proposed findings of fact and/or conclusions of law as to which plaintiffs blandly assert '[t]here are no genuine material issues of fact or law' " the filing of two subsequent motions of similar import, evidenced a gross disregard of the rights of defendants and caused them great inconvenience and unnecessary expenditure of time and money. Such conduct, defendants argue, constitutes harassment, and justifies a holding by the court that plaintiffs and their attorneys have "acted in bad faith, vexatiously, wantonly and for oppressive reasons". 417 U.S. at 129, 94 S.Ct. at 2165.

The Amended Complaint upon which Judge Keady acted did not name as parties defendant, the 84 employer defendants brought into the action by the Revised Second Amended and Supplemental Complaints, which were the subject of the second and third motion by plaintiffs for Partial Summary Adjudication. A motion was filed on October 26, 1977; another one on November 15, 1977.

This court, like Judge Keady, found the 1977 motions to be without merit and entered an order denying the same. Defendants seek to have the court find that plaintiffs acted oppressively, vexatiously and in bad faith, when, on an amended and supplemental complaint, bringing in new and additional parties, they presented the issue a second time to the court.[5]

The court does not believe the activities of plaintiffs and their counsel under the facts peculiar to the action sub judice sustain a holding that they acted in bad faith, vexatiously, wantonly or for oppressive reasons.

The employer defendants brought into the action by the June 1977 Amendment were successful in their motions for summary judgment. The court failed to find any facts presented by plaintiffs which would justify submitting the case to a jury.

The employer defendants contend that they were brought into the action by plaintiffs to apply pressure upon the labor defendants without any factual basis to warrant such action. Plaintiffs contended that a conspiracy to deprive them and members of the class represented by them of their rights to equal employment opportunities existed between the employer defendants and officers of the International Union, and its locals. The plaintiffs also argued that the labor defendants acted as agents of the employer defendants by virtue of existing union contracts.

■ The fact that a party is unable to come forward with sufficient evidentiary facts to sustain the allegations of his complaint does not in and of itself support a holding of bad faith. The court concludes that the circumstances surrounding the filing of the June, 1977, Amendment, wherein the employer defendants were made parties to the action do not warrant a holding of bad faith, or, that in bringing the employer defendants into the case, plaintiffs acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

---

**5.** The second and third motions for summary judgment were treated as one motion. Additional material was submitted as evidentiary support for the motions.

## V. *Movants Reliance on 42 U.S.C. § 1988 [Supp.1979] is Misplaced.*

 Section 1988 provides for the allowance by the court, in its discretion, of a reasonable attorneys' fee as part of the costs to the prevailing party in civil actions to enforce the provisions of sections 1981, 1985 of Title 42. These sections are here involved.

The defendants have prevailed in this litigation and an award of attorneys fees is warranted provided the court finds that plaintiffs acted in bad faith, vexatiously, wantonly, or for oppressive reasons when bringing into the action the employer defendants and for presenting motions for partial summary adjudication.

In cases where the prevailing party or parties are defendants, the Supreme Court has applied a rule similar to the one which governs the exercise of the general equity powers by the court, as enunciated in *Rich Co. v. Industrial Lumber Co., supra.*

The Supreme Court addressed the issue in a Title VII [6] case, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). There, when discussing the standard to be applied in Title VII cases when the defendant is the prevailing party, the court said:

> In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

434 U.S. at 421, 98 S.Ct. at 700.

The court having found that the evidence is not sufficient to warrant a finding of bad faith, or vexatious, wanton or oppressive conduct on the part of plaintiffs, the motions of defendants founded on 42 U.S.C. § 1988 (Supp.1979) must be denied.

## VI. *Summary.*

The court concludes that the motions presented for the court's consideration for the allowance of attorneys' fees and ex-

penses are not well taken and must be overruled. An appropriate order will be entered by the court.

Two motions are now pending before Magistrate J. David Orlansky. They are (1) the matter of allowance and apportionment of expenses including attorneys' fees in connection with labor defendants' motion to compel discovery; and (2) labor defendants' motion for allowance of expenses including attorneys' fees in connection with its motion to dismiss.

These matters are not to be in any way controlled by the court's holding herein. The outcome of the motions before Magistrate Orlansky will be determined by him in due course, subject to the right of appeal to this court by an aggrieved party.

---

**6.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.