Sharon Patrice **WOODFORK**, a Minor, for the Wrongful Death of Grover Woodfork, Her Father, By and Through Teressa **HOUSTON**, Her Mother and Next Friend, Plaintiff,

v.

Russell Patrick **GAVIN** and Leasko Truck Trailer Company, Defendants,

v.

**HOLCOMB, DUNBAR, CONNELL, CHAFFIN & WILLARD, A Professional Association, Intervenor.**

No. DC83–186–NB–O.

United States District Court, N.D. Mississippi, Delta Division.

March 4, 1985.

Jack F. Dunbar, Clarksdale, Miss., for intervenor.

Robert E. Buck, Johnnie E. Walls, Greenville, Miss., for plaintiff.

Lawrence D. Wade, Greenville, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came before the court for oral argument on the motion of the defendants Russell Patrick Gavin (Gavin) and Leasko Truck Trailer Company (Leasko) to dismiss the complaint in this cause and on the motion of the intervenor Holcomb, Dunbar, Connell, Chaffin & Willard, a legal professional association, for sanctions against the plaintiff's attorneys pursuant to both Fed. R.Civ.P. 11 and 28 U.S.C. § 1927 (Supp. 1984). Following this hearing, the court ruled in favor of the defendants' motion to dismiss, and took under advisement the

motion of the intervenor for sanctions. Having requested proposed findings of fact and conclusions of law, having considered the same, and being fully advised in the premises, the court is now in a position to rule on the motion of the intervenor for sanctions.

## FINDINGS OF FACT

William Willard, an attorney and partner in the intervenor law firm, was employed on August 2, 1983, to prepare a wrongful death claim on behalf of certain beneficiaries of Grover Woodfork. In the belief that another wrongful death beneficiary might attempt to file suit, Mr. Willard directed an associate in his firm, Edward A. Moss, to prepare a complaint on behalf of the firm.

Accordingly, Mr. Moss prepared a complaint which was hand delivered by his secretary on Friday afternoon, August 5, 1983, to Deputy Circuit Clerk Cynthia Moore in the office of the Circuit Clerk of Coahoma County in Clarksdale, Mississippi. After marking the complaint filed, Ms. Moore handed the document to Barbara Turner, Chief Deputy Clerk, who routinely noted the document as filed on August 5, 1983, 4:15 p.m. After filing, the complaint remained undocketed until the following Tuesday, August 9, 1983, when it was docketed in the record books and process was issued according to routine office procedures.

On Monday morning, August 8, 1983, Mr. Johnnie E. Walls, one of the attorneys for the plaintiff, came to the office of the Circuit Clerk of Coahoma County, Mississippi, to determine whether a wrongful death claim had been filed in state court on behalf of any Woodfork beneficiaries.[1] Mr. Walls necessarily found no docket entry for the August 5, 1983 complaint, inasmuch as this complaint and two other unrelated complaints filed during the previous week had not been docketed at that time. However, Mr. Walls recognized the legal necessity of inquiry regarding filed but undocketed complaints in order to fully ascertain the existence of a pending suit.

There is a sharp conflict between the testimony of Mr. Walls and Chief Deputy Clerk Turner regarding further events of the morning of August 8, 1983. Mr. Walls testified that at approximately 8:30 a.m. he personally questioned Mrs. Turner regarding filed but undocketed complaints, and that Mrs. Turner responded that there were none. In contrast, Mrs. Turner stated that she was primarily in the courtroom on the morning of August 8, that she did not see Mr. Walls on that morning, and that Mr. Walls made no inquiry of her about undocketed complaints being filed. Mrs. Turner's testimony is indirectly supported by Circuit Clerk Walter Rogers. Mr. Rogers was not at the courthouse on August 8 due to illness; however, he testified that his absence would cause Mrs. Turner to assume his normal responsibilities. The record reflects that an unusually large number of potential jurors had been summoned for 8:30 that morning. Thus, an employee from the clerk's office necessarily would have been in the courtroom around that time to prepare the jury for qualification.

The court perceives no reason for Barbara Turner to misrepresent the existence of the filed complaint to Mr. Walls, especially inasmuch as two other unrelated lawsuits were also undocketed on Monday morning. It is readily apparent that there was either a misunderstanding by Mr. Walls or a lack of proper inquiry and investigation on his part to determine the existence of undocketed complaints.

The present suit was filed in this federal court by Mr. Walls on August 8, 1983. Mr. Walls testified that he learned several months thereafter of the wrongful death

---

1. Miss.Code Ann. § 11–7–13 (Supp.1984) provides that there shall be only one pending suit for the same wrongful death, which suit shall ensue for the benefit of all beneficiaries. Thus, upon the filing of a wrongful death suit, other claimants must join in that suit rather than filing a separate action. *See, e.g., J.J. Newman Lumber Co. v. Scipp*, 128 Miss. 322, 335–36, 91 So. 11, 11 (1922) (priority of earliest filed pending wrongful death suit; construction of analogous provision in earlier statute).

suit filed in state court, which cause would receive priority under Miss.Code Ann. § 11–7–13 due to its earlier filing date of August 5, 1983. Upon learning of the unexpected conflict in suits, Mr. Walls sought no explanation from representatives of either the Circuit Clerk's office or the intervenor's law firm, nor did he conduct any additional investigation. Rather, Mr. Walls testified that he did nothing until he received a telephone call in the latter part of February, 1984 from Mr. Willard, who only then had learned of the federal lawsuit in issue. Thereafter, Mr. Walls contacted Mrs. Turner by telephone for an explanation. Mr. Walls further testified, however, that Mrs. Turner recalled only that he was in her office, but had no recollection of a conversation regarding filed but undocketed complaints.

With no additional information or corroborating evidence, Mr. Walls and Mr. Robert E. Buck, partners in the law firm of Walls, Buck & Irving, Ltd., deliberately responded to the defendants' subsequent motion to dismiss in the present case by alleging that the August 5, 1983 complaint in state court was not filed prior to this cause, but was the result of "fraud, collusion, misrepresentation, and an alteration of court records," *i.e.*, that the complaint was filed after August 8 and backdated to reflect an incorrect filing date. Mr. Walls understood at that time that the standard of proof in a fraud allegation is clear and convincing evidence. This response to the motion to dismiss was signed by Mr. Buck and filed on March 26, 1984 in the public records of this court.

The only persons who could have been involved in the alleged misconduct were employees of the circuit clerk's office and members of the intervenor law firm. Thus, the reasonable and logical inferences of the allegations in the plaintiff's response to the motion to dismiss are that these persons were implicated by the plaintiff's attorneys.

The depositions of Mr. Rogers, Mrs. Turner, Mr. Willard, and Mr. Moss were taken by the plaintiff's attorneys on June 11, 1984. At that time, all records of the circuit clerk's office were made available to the plaintiff's attorneys, as were records of the intervenor law firm reflecting checks and journal entries pertaining to the cost deposit checks that accompanied the complaint on August 5, 1983. At the conclusion of these depositions, Mr. Dunbar of the intervenor law firm acknowledged a possible misunderstanding by the plaintiff's attorneys. However, Mr. Dunbar in effect asked the plaintiff's attorneys to reconsider their allegations of fraud in view of the evidence available to all the parties; furthermore, he stated on record that the intervenor law firm would be willing to accept the apology of the plaintiff's attorneys and a retraction of the charges of fraud, so as to dismiss and conclude the entire controversy. Instead, the plaintiff's attorneys refused to view the available evidence as a sufficient explanation for their suspicions and persisted in their position that the filing date of August 5, 1983 resulted from fraud, collusion and alteration of public records. The continued posture of the plaintiff's attorneys has stalemated both the pending state court action and the federal court action since February, 1984, thus preventing expeditious recovery by any of the Woodfork beneficiaries.

## CONCLUSIONS OF LAW

The Federal Rules of Civil Procedure are designed to force litigants to address the genuine issues in a case and to prohibit vexatious, frivolous or groundless claims which burden the judicial process and are an economic burden on the court system and the party litigants. Thus, these rules promote expeditious resolution of disputes by pinpointing the material issues in actions in which there exists a bona fide dispute. This court should not be a forum for cavalier charges of fraudulent misconduct without basis in fact and law.

Allegations of fraud, including misrepresentation, collusion, and alteration of public records, which constitutes a felony offense under Miss.Code Ann. § 97–11–1 (1972), carry a burden of proof beyond the "preponderance of the evidence" standard in a

civil case. Rather, fraud must be proved by "clear and convincing evidence." Furthermore, although notice pleading is allowed when filing documents in federal court, Fed.R.Civ.P. 9(b) requires that "in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity" (emphasis added). The plaintiff's response to the motion to dismiss in this action does not satisfy these requirements inasmuch as it alleges fraud in generalities.

 Furthermore, Fed.R.Civ.P. 11 (as amended, effective August 1, 1983) provides in part as follows:

> The signature of an attorney or party [to a pleading, motion, or other paper] constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation (emphasis added).

*Id.* The recent amendment to Rule 11, which was in effect at the time the plaintiff's attorneys made their allegations of fraud, requires reasonable inquiry rather than the lesser standard of good faith. The court believes that this rule as amended obligates an attorney who signs a document not only to conduct a reasonable investigation into the facts before filing, but also to continually review, examine, and re-evaluate his position as the facts of the case come to light.[2] If an attorney subsequently becomes aware of information or evidence which reasonably leads him to believe that there is no factual or legal basis for his position, giving due regard to the standard of proof, then that attorney is under an obligation to re-evaluate the earlier certification of the cause under Rule 11.

In *Goldman v. Belden,* 580 F.Supp. 1373 (W.D.N.Y.1984), the plaintiff alleged fraud without conducting a proper inquiry. The court indicated that the slightest investigation by the plaintiff's attorney would have clearly disclosed the insubstantiality of his fraud allegations. After dismissing the complaint, the *Goldman* court considered whether sanctions under Rule 11 were proper against the plaintiff and his attorney. The court recognized that the standard for imposing sanctions prior to the August, 1983 amendment to Rule 11 was whether the action was commenced in good faith. However, the court noted that "[t]he new standard is much stricter and permits the imposition of sanctions for failure by the attorney to make reasonable prefiling inquiry into the facts and the law of the case." 580 F.Supp. at 1381 (footnote omitted).

The court further discussed both the seriousness of filing a pleading which alleges fraud and the rationale for the imposition of sanctions in appropriate cases:

> The present factual circumstances compel the imposition of sanctions in this case. Initially, plaintiff's amended complaint alleges fraud, and it is well recognized that allegations of such serious wrongdoing may substantially harm a defendant's reputation and good will.... Although Rule 9(b) was instituted to prevent frivolous and ungrounded fraud claims from surviving a motion to dismiss ... the harm caused by the mere filing of the complaint may be irreparable. Thus, it is this Court's view that the amendment to Rule 11 provides a clear direction to district courts to discourage a plaintiff and his attorney from even filing an action for fraud which lacks a sufficient factual and legal foundation.

*Id.*

 In the present case, Mr. Walls and Mr. Buck did not make an adequate inquiry

---

2. *See* Fed.R.Civ.P. 11 advisory committee notes (sanctions allowed under rule when suit improperly instituted or conducted).

either prior to or after filing their response to the motion to dismiss alleging fraud and other criminal acts. Other than the depositions on June 11, 1984 and the telephone call from Mr. Walls to Mrs. Turner in February, 1984, the plaintiffs conducted no investigation nor interrogated any parties regarding the facts and circumstances surrounding the filing of the complaint in state court, but acted on mere assumptions and suspicions concerning such filing. Furthermore, the plaintiff's attorneys were aware from interrogatory answers filed by the defendant herein that both Cynthia Moore and Georgia A. Wilson, a secretary of the intervenor law firm, were additional persons with knowledge of the controversy. However, the plaintiff's attorneys never attempted to interrogate or depose either person to determine whether they might clarify the controversy. However, all evidence disclosed both prior and subsequent to the filing of the response to the motion to dismiss clearly revealed that the plaintiff's attorneys had no reasonable basis upon which to persist in their position. When there is no objective basis for an attorney's belief that a motion is well grounded in fact and is warranted by existing law or good faith argument for the extention, modification or reversal of existing law, then the court should impose sanctions under Rule 11. *Wells v. Oppenheimer & Co., Inc.*, 101 F.R.D. 358, 359 (S.D.N. Y.1984).

■ Furthermore, the court is not limited to imposing sanctions under the Federal Rules of Civil Procedure. This court also has available 28 U.S.C. § 1927 (as amended, September 12, 1980), which provides that:

> The attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorney's fees reasonably incurred because of such conduct.

Plaintiff argues that *Merritt v. International Brotherhood of Boilermakers*, 495 F.Supp. 17, 21–22 (N.D.Miss.1979), forecloses an award of attorney fees under 28 U.S.C. § 1927. However, *Merritt* was decided prior to the 1980 amendment to 28 U.S.C. § 1927 which specifically allows the recovery of attorney fees. Furthermore, 28 U.S.C. § 1927 clearly encompasses an award of attorney fees and costs for either factual misrepresentations in pleadings or vexatious litigation.

■ This court concludes that the actions of the plaintiff's attorneys in alleging fraud and criminal conduct without adequate investigation and in maintaining that position after the discovery depositions were taken on June 11, 1984, violate the letter and spirit of both Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. As of the date of the depositions, the plaintiff's attorneys became fully aware of all relevant facts and circumstances in the matter and had available a logical and reasonable explanation for their suspicions and assumptions. By at least that time, the plaintiff's attorneys as reasonable men, lawyers and officers of this court clearly should have perceived that the document was properly and correctly filed in the state court on August 5. Thus, the plaintiff's attorneys unreasonably and unduly delayed the resolution of both the case pending before this court and the underlying wrongful death claim filed in state court by Betty Woodfork as representative of the wrongful death beneficiaries of Grover Woodfork. Furthermore, the allegations of fraud by the plaintiff's attorneys imposed economic damage to both the intervenor and to the Woodfork wrongful death beneficiaries.

The testimony given at the hearing of this cause clearly reveals that the insurance carrier for the defendants Leasko and Gavin desired to reach a settlement with the wrongful death beneficiaries of Grover Woodfork but were unable to continue negotiations due to confusion as to which attorney properly represented the statutory beneficiaries. The court determines that this delay resulted solely from unjusti-

fied continuance by the plaintiff's attorneys of the position taken in their response to the motion to dismiss in this court. Therefore an award of sanctions under either 28 U.S.C. § 1927 or Fed.R.Civ.P. 11 is appropriate in this case.

## JUDGMENT OF THE COURT

This court determines that the plaintiff's attorneys, Mr. Johnnie E. Walls and Mr. Robert E. Buck, did not discharge the duties and standard of care imposed upon them as attorneys at law and officers of this court either at the time they filed the response to the motion to dismiss or in the unjustified maintenance of their position. The court finds that they violated both the spirit and letter of Rule 11, and that their assertion of the affirmative defense contained in the response to the defendants' motion was with such reckless disregard as to truth or falsity that the pleading violates the prohibition of 28 U.S.C. § 1927 against vexatious litigation.

The conduct of the plaintiff's attorneys, Mr. Johnnie E. Walls and Mr. Robert E. Buck, warrants sanctions. By way of sanctions under Rule 11, and as authorized by 28 U.S.C. § 1927, the plaintiff's attorneys shall be liable to the intervenor law firm for its attorney fees, expenses, and costs related to the litigation surrounding the response to the motion to dismiss, *i.e.*, all of those attorney fees, costs, and expenses on and after March 26, 1984, that are related to the defense by the intervenor law firm of such charges through and including the hearing in the cause on November 15–16, 1984. The costs and expenses herein shall include all deposition expenses incurred by the intervenor, as well as travel expenses, meals and overnight lodging expenses associated with the hearing. The intervenor law firm shall make proof of such attorney fees and expenses consistent with the Fifth Circuit's directions in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), by affidavit filed with this court, with a copy to the plaintiff's attorneys. Within ten days after receipt of such affidavit, the plaintiff's attorneys shall file any objections they deem appropriate to the affidavit.

Let an order issue accordingly.