**Margaret GOLEMI, Plaintiff,**

v.

**CREATIVE FOOD DESIGN, LTD., et al., Defendants.**

**Civ. A. No. 86–1321.**

United States District Court, District of Columbia.

May 15, 1987.

---

James D. Gentile, Coale, Kananack & Murgatroyd, Washington, D.C., for plaintiff.

Joseph Patrick Clancy, Chevy Chase, Md., for defendant Creative Food Design, Ltd.

Philip L. Cohan, Piper & Marbury, Washington, D.C., for defendant YAF Development.

## MEMORANDUM ORDER

(Granting Motions for Sanctions)

PARKER, District Judge.

This Memorandum Order addresses motions for sanctions filed by one of two defendants against its co-defendant and the plaintiff in this action. For the reasons set forth herein, those motions are granted.

## BACKGROUND

The complaint in this case was filed on May 15, 1986 by a resident of Louisiana. Plaintiff alleges that, on or about May 16, 1983, she sustained certain injuries while dining at the Broker Capitol Hill, a Washington, D.C. restaurant owned and operated by defendant Creative Food Design, Ltd. ("Creative"). She claims that, after her meal, she proceeded to descend a spiral staircase leading to the first floor, but was impeded in this effort by a potted plant placed in the center of the staircase. The presence of the plant allegedly forced her to step around it, and in so doing she slipped and fell. Plaintiff claims that the steps were too narrow to afford her a firm foothold, resulting in the accident and subsequent injury. She affirms that description of the incident in her interrogatory responses.

Three years after the accident just described, plaintiff brought suit, on the eve of the expiration of the statute of limitations.

The complaint was filed by Washington, D.C. counsel upon referral from plaintiff's attorney in Louisiana. Plaintiff charges Creative with liability for the negligent design and maintenance of the staircase, and with violations of District of Columbia law and related regulations in permitting its guests access to the stairs. Complaint ¶ 6. In addition, plaintiff names YAF Development ("YAF"), a small construction firm, as a defendant, alleging that it negligently "designed, constructed, and/or manufactured and sold" the staircase. Complaint ¶ 9. Plaintiff seeks $1,000,000.00 in damages from each of the two defendants.

In addition to answering the complaint, each defendant cross-claimed against the other. YAF's cross-claim asserted generally that any negligence was either solely or primarily on the part of Creative. Creative, on the other hand, specifically limited its cross-claim to an allegation that YAF was negligent in its design of the staircase.

At a status hearing held on June 17, 1986, YAF announced on the record that it had nothing to do with the design of the staircase. No party then disputed that claim.

On July 22, 1986, YAF served both plaintiff and Creative with interrogatories and requests for production, in order to ascertain what was the basis of those parties' claims against it. On September 12, YAF moved to compel responses to those discovery requests, on the grounds that plaintiff had yet to respond, while Creative's responses were inadequate. Creative had merely stated in its responses that it would provide the information requested as it became available and that currently it had no information concerning YAF's allegedly negligent design of the staircase. Plaintiff's responses were belatedly filed on September 15 and provided no information as to the basis of her claim against YAF. Plaintiff had retained no expert witnesses who were prepared to testify as to the legal liability of *either* defendant. Ironically enough, Creative in its September 29 opposition to YAF's motion to compel sim-

ply stated that it was waiting for the facts of plaintiff's case to unfold, thereby conceding that it had no case of its own against YAF.

On December 4, YAF moved for an order under Fed.R.Civ.P. 37 precluding either plaintiff or Creative from introducing evidence or testimony relative to its liability. YAF noted that, as of the close of discovery on October 31, neither plaintiff nor Creative had come forth with any facts on which to base a claim against it, nor had either listed an expert witness prepared to testify as to YAF's liability.

As of December 12, 1986, the date scheduled for the pretrial conference, only YAF had filed its pretrial brief. Ostensibly plaintiff and Creative deferred preparing their briefs in anticipation of settlement, which they represented was ripe for discussion at the pretrial. Settlement was thwarted, however, when YAF made known that it would not waive any claim for attorneys' fees or costs.[1] Even so, counsel for plaintiff indicated that he wanted to withdraw from the case, making it rather plain that he did not share his client's confidence in her case.[2]

At the December 12 pretrial, counsel for YAF announced that he had filed motions for sanctions under Fed.R.Civ.P. 11 against both plaintiff and Creative, seeking reimbursement for attorneys' fees and costs incurred in defense of the claims against his client. Oppositions to the motions were filed on December 30, 1986, and a hearing was held on February 19, 1987.

## ANALYSIS

Pending before the Court are YAF's motions for Rule 11 sanctions against plaintiff and Creative, as well as its prior Rule 37 motions, which included a request for costs. Because the latter request is subsumed under the Rule 11 motions, which seek reimbursement for the cost of defending the suit on the whole, the Rule 37

motions will not be given separate consideration in view of the Court's grant of the requested sanctions under Rule 11.

■ The Court begins by noting that, under the revised Rule 11, an attorney or party who signs a pleading setting forth an unmeritorious claim may no longer find refuge in the safe haven of "good faith." Rather, the 1983 version of the Rule provides that

> [t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact....

(emphasis added). The Rule further provides that

> [i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In this way, the 1983 revision worked two changes in the prior Rule 11. First, it included a requirement that an attorney must make a reasonable inquiry with respect to the facts underlying any pleading that he signs before he may claim compliance with his obligations under the Rule. *See, e.g., Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.,* 114 F.R.D. 684 (S.D.N.Y.1987). Second, under the new Rule 11, the imposition of sanctions becomes mandatory once the court finds that the conditions stated in the Rule have not been met. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985). *Accord Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 & n. 7 (2d

---

**1.** YAF had sought costs previously in connection with its Rule 37 motions.

**2.** Counsel filed his motion to withdraw on December 19, 1986. That motion is still pending plaintiff's efforts to secure other representation.

Cir.1985). Because this Court finds that attorneys for both plaintiff and Creative have failed to live up to the obligations of the revised Rule 11, it is required to enter sanctions against them. Furthermore, as set forth *infra,* the Court finds that the attorneys, rather than their clients, are the persons against whom sanctions should be directed and that their payment of YAF's reasonable attorneys' fees and costs constitutes the most appropriate remedy under the Rule.[3]

■ Counsel for plaintiff argues that sanctions ought not to be assessed against either him or his client on the grounds that plaintiff's complaint was filed under a severe time constraint imposed by the running of the statute of limitations. That argument is flawed, however, for two reasons. First, it does not seem consistent with the 1983 revisions to the Rule to read into it a general "escape clause" that would come into play whenever an attorney was operating under the press of time. Such an interpretation of the Rule would only serve to reward delay in filing suit. *Cf. Southern Leasing Partners, Ltd. v. McMullan,* 801 F.2d 783, 788 (5th Cir.1986). Second, even if such an exception could be read into the Rule, it would not free counsel from his obligation to continually reevaluate his litigation position "as the facts of the case come to light." *Woodfork v. Gavin,* 105 F.R.D. 100, 104 (N.D.Miss. 1985). *Accord Southern Leasing Partners,* 801 F.2d at 788 (citing *Woodfork* with approval). In the instant case, although counsel was on notice early on that his claim against YAF was weak, and while counsel did nothing during discovery to strengthen that claim, he nevertheless persisted in his action against that defendant until the December 1986 settlement conference. A small amount of effort on his part earlier on would have enabled him to either build a case against YAF or to realize that

no such case could be constructed. Instead, counsel chose to do nothing, causing YAF to incur substantial fees and costs in connection with the defense of a claim that was only to be abandoned by plaintiff in the end. Sanctions are therefore appropriately assessed against plaintiff's counsel.

■ Creative's defense of YAF's request for sanctions fares no better. Throughout discovery, in response to YAF's motions to compel and for a preclusion order under Rule 37, Creative took the position that its cross-claim was merely a redirection against YAF of plaintiff's claim against it. Yet while plaintiff charged YAF with having failed to properly construct, design, manufacture or sell the staircase, Creative limited its claim against YAF to one for negligent design. A contingent cross-claim for negligent design, premised upon plaintiff's claim against Creative, would have only been appropriate if brought against the actual designer of the stairs. In other words, if Creative had sued the right defendant, it might have been acceptable for it to do no more than assert that, if plaintiff should prevail against it on a claim for negligent design, then it should prevail on such a claim against the designer. As it was, however, Creative did not sue the designer. Moreover, Creative was put on notice early in these proceedings that it had the wrong defendant. It was therefore wholly inappropriate for Creative to rely exclusively on plaintiff's development of her case. If Creative thought that a cross-claim against the designer was desirable, it should have sued the designer and not someone else. Upon learning that YAF was not the designer, it should have either amended its claim or dropped it. Having done neither,[4] Creative is liable for the fees and costs that YAF incurred in defending against its cross-claim.

---

3. What are reasonable fees and costs as applied in this case will be considered, *infra.*

4. While Creative belatedly represented that it would amend its cross-claim to include one for negligent *construction,* it had not done so as of the date originally scheduled for the pretrial.

It should also be noted that Creative was in a far better position than plaintiff to know who the designer of the staircase was. Counsel's failure to inform himself of the facts is therefore that much less excusable.

From the foregoing discussion, it should be clear that the wrongful perpetuation of a groundless claim against YAF, on the part of both plaintiff and Creative, was in each case a matter lying within the discretion of trial counsel in his management of this litigation. For that reason, then, counsel should bear the full brunt of the sanctions that shall be imposed. *See* Advisory Committee Note, Fed.R.Civ.P. 11. *See also Fritz v. Honda Motor Co., Ltd.,* 818 F.2d 924 (D.C.Cir.1987).

### Reasonable Attorneys' Fees and Costs

Together with his motions for sanctions, counsel for YAF included copies of bills submitted to his client, detailing the hours spent and the fees therefor. However, a brief glance at the documentation provided in connection with the defense of plaintiff's claim and Creative's cross-claim reveals that the same series of bills was submitted in connection with motions against both those parties. Counsel for YAF merely underlined those items relating to plaintiff's claim on the copies submitted with the motion against plaintiff, and so with the motion against Creative. No attempt was made to cull the relevant items for review by the Court, nor to help the Court out with the necessary arithmetic. Similarly, it is only by close inspection of the documents that one can divine the rates at which each of the persons working on the case billed his or her time. In short, the documentation provided so far by counsel for YAF would, if not supplemented, impose a rather great and unwarranted burden upon the Court. Accordingly, counsel for YAF is directed to file a supplemental affidavit detailing separately the items properly chargeable against each party. The affidavit shall be clear, concise, and complete with appropriate hearings, subtotals and totals. In addition, the billing rate of each person whose time is billed shall be set out separately.

### CONCLUSION

In accordance with this Memorandum Order, it is this 15th day of May, 1987,

### ORDERED

That the motions of defendant YAF Development for Rule 11 sanctions against plaintiff and defendant Creative Food Design, Ltd. are granted;

That sanctions, represented by reasonable attorneys' fees and costs, shall be assessed against counsel for plaintiff and defendant Creative Food Design, Ltd.; and

That counsel for defendant YAF Development, within 30 days of the entry of this Memorandum Order, shall supplement his affidavit of fees and costs as set forth herein. Within 20 days of the filing of that affidavit, counsel for plaintiff and Creative Food Design, Ltd. may file their objections to the amount of fees and costs requested. Within 10 days of the filing of those objections, counsel for defendant YAF Development may file a reply thereto.